**Nicanor DURO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–1005.

United States Court of Veterans Appeals.

Submitted Dec. 6, 1991.

Decided July 8, 1992.

Nicanor Duro, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Deborah W. Singleton, Washington, D.C., were on the pleadings, for appellee.

Before HOLDAWAY, IVERS, and STEINBERG, Associate Judges.

STEINBERG, Associate Judge:

The pro se appellant, Nicanor Duro, appeals from a July 24, 1990, decision of the Board of Veterans' Appeals (BVA) which denied entitlement to burial benefits for the death of his father, veteran Climaco C. Duro. The issue presented on this appeal is whether the BVA erred in concluding that the Department of Veterans Affairs (VA) was bound by the certification from the Department of the Army that the veteran did not have service as a member of the Philippine Commonwealth Army in the service of the United States Armed Forces.

### FACTS

Climaco C. Duro died on May 17, 1987. In October 1987, his son, Nicanor Duro, submitted an application for VA burial benefits, asserting that his father had served with the Philippine Army from 1941 to 1946, at least part of which was in the service of the United States Armed Forces. The VA Regional Office (RO) in Manila requested evidence of the decedent's military service from the United States Department of the Army. The Department of the Army returned the request form with a stamped response reading: "Subject has no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces." R. at 1.

In support of his claim, Nicanor Duro submitted several documents, including a 1946 document bearing his father's name and titled "REPORT OF PHYSICAL EXAMINATION OF ENLISTED PERSONNEL PRIOR TO DISCHARGE, RELEASE FROM ACTIVE DUTY OR RETIREMENT", R. at 11, and an August 17, 1989, certification from the Republic of the Philippines Department of Defense indicating that his father had had service from De-

cember 29, 1941, to July 27, 1945, and stating that his military status was "USAFFE [United States Armed Forces for the Far East]". R. at 17.

In a November 22, 1988, letter, the RO informed the appellant that his claim was denied because the service department did not have any proof of his father's service. R. at 18. The appellant subsequently appealed to the BVA. In its July 24, 1990, decision, the BVA denied the appellant's claim, and stated:

> [I]nformation obtained from the Department of the Army certified that the decedent had no service as a member of the Philippine Commonwealth Army or recognized guerrilla service in the service of the United States Armed Forces.... The VA is bound by the findings of the service department in this regard. Any revision of these findings would be within the jurisdiction of the Board for Correction of Military Records.

*Nicanor Duro in the Case of Climaco C. Duro*, BVA 90–25538, at 4 (July 24, 1990). In his appeal to this Court, the appellant asserts that the BVA committed factual error by relying solely on the certification from the Department of the Army that the decedent had no service in the United States Armed Forces.

On January 24, 1992, the Court ordered the Secretary of Veterans Affairs (Secretary) to provide the Court with: (1) a certification from the Department of the Army regarding the general accuracy of the Department's certifications of service, particularly in cases involving Philippine forces called into service during World War II; (2) a statement as to whether there exist any VA General Counsel opinions regarding the binding nature of service department certifications of service in cases involving Philippine veterans, and whether 38 C.F.R. § 3.203 can fairly be read to require VA to accept service department findings; (3) a statement as to whether the Secretary was disputing the veracity of certain documents in the record showing that decedent had service in the Philippine Military and with the "USAFFE"; and (4) a certification from the Director of VA's Compensation and Pension Service, or other authoritative source, as to the nature and probable source of the 1946 report of separation examination at page 11 of the record.

On May 1, 1992, the Secretary filed his response to that order, which included: (1) a certification from the Chief of the Philippine Army Branch of the Veterans Service Directorate of the U.S. Department of the Army stating that, pursuant to the Missing Persons Act, Pub.L. 77–490, 58 Stat. 679, 680 (1944) (currently codified at 37 U.S.C. §§ 555–557 (1989)), the Department of the Army has the authority to determine the status of persons claiming service with the Philippine Commonwealth Army in the service of the U.S. Armed Forces, that pursuant to that authority the Department of the Army has created and maintained a Philippine archive for such purposes, and that the documents submitted by appellant in the present case relating to the decedent's service were all prepared and authenticated by agencies in the Philippines and cannot be accepted as proof of military service in the absence of substantiating evidence in the records of the Department of the Army; (2) copies of several General Counsel opinions dating back to 1947 and indicating that VA regards service department findings as binding for purposes of establishing whether a claimant served in the U.S. Armed Forces; (3) a statement, with supporting arguments, that the Secretary does not dispute the veracity of the documents in the record relating to the decedent's Philippine service, but rather disputes the *sufficiency* of those documents in light of the requirements of 38 C.F.R. § 3.203.

## ANALYSIS

■ The Secretary is authorized by statute to prescribe "regulations with respect to the nature and extent of proof and evidence and the method of taking and furnishing them in order to establish the right to benefits under [laws administered by VA]". 38 U.S.C. § 501(a)(1) (replaced § 210(c)(1)). Pursuant to that authority, the Secretary has prescribed regulatory provisions governing the evidentiary re-

quirements for establishing service for VA benefits purposes, which provide:

§ 3.203 **Service records as evidence of service and discharge**

(a) *Evidence submitted by a claimant.* For the purpose of establishing entitlement to pension, compensation, dependency and indemnity compensation or burial benefits [VA] may accept evidence of service submitted by a claimant (or sent directly to [VA] by the service department), such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department if the evidence meets the following conditions:

(1) The evidence is a document issued by the service department ...; and

(2) The document contains needed information as to length, time and character of service; and

(3) In the opinion of [VA] the document is genuine and the information contained in it is accurate.

. . . . .

(c) *Verification from the service department.* When the claimant does not submit evidence of service or the evidence of service does not meet the requirements of paragraph (a) of this section ..., [VA] shall request verification of service from the service department.

38 C.F.R. § 3.203 (1991).

It is patently clear from the provisions of section 3.203 that the Secretary has made service department verification a requirement for establishing that a VA claimant served in the U.S. Armed Forces (or, in this case, in the Philippine Commonwealth Army in the service of the U.S. Armed Forces). The provision in paragraph (a) allows VA to accept evidence submitted by the veteran without service department verification only if that evidence is itself a document issued by the service department and VA is satisfied as to its authenticity and accuracy. The issuance of this regulation was within the scope of VA's statutory authority to prescribe specific regulations regarding the "proof" of service. 38 U.S.C. § 501(a)(1). Therefore, VA is prohibited from finding, on any basis other than a service department document, which VA believes to be authentic and accurate, or service department verification, that a particular individual served in the U.S. Armed Forces. It is clear, then, that service department findings are binding on VA for purposes of establishing service in the U.S. Armed Forces. *See generally Aguilar v. Derwinski,* 2 Vet.App. 21, 23 (1991).

## CONCLUSION

Pursuant to the regulatory provisions of 38 C.F.R. § 3.203, legitimately prescribed by the Secretary pursuant to and within the authority of 38 U.S.C. § 501(a)(1), service department findings as to the fact of service in the U.S. Armed Forces are made binding upon VA for purposes of establishing entitlement to benefits. Therefore, the Court finds no error in the BVA's conclusion in its July 24, 1990, decision, that the appellant was not entitled to VA burial benefits because the U.S. Department of the Army had certified that the decedent had no service in the Philippine Commonwealth Army in the service of the U.S. Armed Forces. The July 24, 1990, BVA decision is affirmed.

AFFIRMED.