11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Blas S. UNAN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7045.
 United States Court of Appeals, Federal Circuit.
 Nov. 5, 1993.
 
 Before NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Blas S. Unan appeals the December 16, 1992 judgment of the United States Court of Veterans Appeals (CVA), which affirmed the Board of Veterans' Appeals (Board) decision granting the Department of Veterans Affairs (VA) motion for summary affirmance and denying basic eligibility for VA benefits for failure to present a well-grounded claim under 38 U.S.C. Sec. 5107(a) (Supp. III 1991). We dismiss for lack of jurisdiction.
 
 
 2
 * Mr. Unan claims eligibility for VA benefits as a veteran based on his contention that he was on active duty with the organized military forces of the Government of the Philippines from September 29, 1941 to September 29, 1942 and from August 16, 1945 to January 31, 1946, while such forces were in the service of the U.S. military. The Board considered documents from the Philippine Department of National Defense and Philippine Army Personnel in support of Mr. Unan's contention. A certification from the U.S. Department of the Army, however, indicated that Mr. Unan had not served as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the U.S. Armed Forces.
 
 
 3
 The CVA has held that the "VA is prohibited from finding, on any basis other than a service department document, which [the] VA believes to be authentic and accurate, or service department verification, that a particular individual served in the U.S. Armed Forces." Duro v. Derwinski, 2 Vet.App. 530, 532 (1992) (interpreting 38 C.F.R. Sec. 3.203 (1991)). Following Duro, the Board was bound by the U.S. Department of the Army finding that Mr. Unan had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas. The Board thus concluded that Mr. Unan had not submitted a well-grounded claim for recognition as a veteran for VA benefits. The CVA affirmed the Board's decision.
 
 II
 
 4
 Mr. Unan argues that in rendering its judgment, the CVA failed to consider the factual matter contained in supporting documents submitted by Mr. Unan. This court is statutorily precluded from review of a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. Sec. 7292(d)(2)(B) (Supp. III 1991).
 
 
 5
 Most appeals to the Federal Circuit from sources other than the CVA involve reviewing decisions from trial courts or agency boards that function like trial courts. In such appeals, Congress has given this court broad power to review many types of issues, including questions of fact or the application of the law to the facts of the case.
 
 
 6
 In appeals from the CVA, unlike appeals from a trial court or administrative agency, we review cases that have already been subject to review by an appellate court. Because of this previous appellate review, Congress, in these cases, denied this court the usual broad scope of review and limited this court's review to certain rulemaking, statutory, and constitutional issues. In particular, 38 U.S.C. Sec. 7292(d)(2) states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 7
 This court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the CVA relied on in its decision. If an appeal to this court from the CVA does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, relied on by the CVA, Sec. 7292(d) requires this court to dismiss the appeal. Accordingly, this appeal is dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).