Citation Nr: 1237401 
Decision Date: 10/13/12 Archive Date: 11/09/12

DOCKET NO. 10-06 733 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to one-time payment from the Filipino Veterans Equity Compensation Fund.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and spouse


ATTORNEY FOR THE BOARD

Robert E. P. Jones, Counsel



INTRODUCTION

This matter comes before the Board of Veterans' Appeals (Board) from a September 2009 decision of the Department of Veterans Affairs Regional Office (RO) in Manila, Philippines. 

The Board notes that in April 2010 the RO denied the appellant's claim for a one-time payment from the Filipino Veterans Equity Compensation Fund (FVEC). The appellant did not submit a substantive appeal with regard to this denial. Consequently there is no appeal regarding FVEC currently in appellate status before the Board. 

In September 2012, the appellant testified at a hearing before the undersigned; a transcript of that hearing is of record. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2011). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

The appellant is not shown to have had active military, naval, or air service, and is not an individual or a member of a group considered to have performed active military, naval, or air service.


CONCLUSIONS OF LAW

1. The appellant does not meet the requirements of basic eligibility for VA benefits. 38 U.S.C.A. §§ 101, 107 (West 2002); 38 C.F.R. §§ 3.1, 3.40, 3.41, 3.203 (2011). 

2. The appellant did not have the requisite service to entitle him to payment from the Filipino Veterans Equity Compensation Fund. 38 U.S.C.A. §§ 101, 5107 (West 2002); 38 C.F.R. § 3.203 (2011); Pub. L. No. 111-5, § 1002, 123 Stat. 115, 200-202 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

As set forth in more detail below, the service department has certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the U.S. Armed Forces during World War II. VA is bound by this certification. See Soria v. Brown, 118 F.3d 747, 749 (Fed. Cir. 1997) ("The U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) decision recognizes that service department certifications that Philippine service either qualifies or does not qualify the claimant for veteran status are conclusive and binding on VA."). In light of the binding certification, any VCAA notification error is non-prejudicial as the appellant is not entitled to the benefit as a matter of law. See Valiao v. Principi, 17 Vet. App. 229 (2003).

The VCAA's duty to assist requirements apply to VA's efforts to obtain verification of service, and this duty was satisfied by the RO's request for verification of service from the National Personnel Records Center (NPRC) as discussed below.

In addition, during the Board hearing, the undersigned explained to the appellant that his claimed service could not be confirmed and asked questions designed to elicit any potentially relevant evidence in the appellant's possession in support of his claim. The Veterans Law Judge specifically identified a potential evidentiary defect and determined that there were no outstanding records. This action supplemented VA's compliance with the VCAA and satisfied 38 C.F.R. § 3.103. See Bryant v. Shinseki, 23 Vet. App. 488 (2010).


Analysis

The Philippine islands became a United States possession in 1898 when they were ceded from Spain following the Spanish-American War. During World War II, various military units, including the regular Philippine Scouts, the new Philippine Scouts, the Guerrilla Services, and more than 100,000 members of the Philippine Commonwealth Army, were called into the service of the United States Armed Forces of the Far East by President Franklin D. Roosevelt. See Military Order of July 26, 1941, 6 Fed. Reg. 3825 (Aug. 1, 1941). Current law, however, provides that the service of certain Filipino veterans does not entitle them to receive full benefits administered by the Secretary U.S. Department of Veterans Affairs. 38 U.S.C.A. § 107 (West 2002). 

On February 17, 2009, the President signed the American Recovery and Reinvestment Act, intended for "job preservation and creation, infrastructure and investment, energy efficiency and science, assistance to the unemployed, and State and local fiscal stabilization." See Pub. L. No. 111-5, 123 Stat. 115 (2009). The legislation included a provision for the creation of the Filipino Veterans Equity Compensation Fund, providing one time payments to "eligible persons" in the amount of $9,000 for non-United States citizens, or $15,000 for United States citizens. Pub. L. No. 111-5, § 1002, 123 Stat. 115, 200-202 (2009). 


The Act further directs the Secretary to "administer the provisions of this section in a manner consistent with applicable provisions of title 38, United States Code, and other provisions of law, and shall apply the definitions in section 101 of such title in the administration of such provisions, except to the extent otherwise provided in this section." Id. 

The appellant is seeking VA benefits. He has submitted a document from the Armed Forces of the Philippines that states that the appellant had served as a recognized guerilla from November 1944 to January 1946. He also submitted statements from people who indicated that they served with the appellant and who supported the appellant's assertions that he fought and was wounded by the Japanese. In September 2012 the appellant and his spouse testified that the appellant was a guerilla in support of an American unit. The appellant reported that he served as a mortar man at Beso Pass. It was there where he received shrapnel to the leg and hip. The appellant asserted that he is entitled to status as a veteran. 

In order to be eligible for benefits administered by the VA, the evidence must establish that the individual seeking benefits is a veteran. The term "veteran" is defined in 38 U.S.C.A. § 101(2) as a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.

38 U.S.C.A. § 107(a) provides that service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States, will not be deemed to have been active military, naval, or air service except for specified benefits including disability compensation benefits authorized by chapter 11, title 38, United States Code. 38 U.S.C.A. § 107(a). Under 38 C.F.R. § 3.40, certain service with the Commonwealth Army of the Philippines, with the Philippine Scouts, and guerilla service is included for VA benefits purposes. These include service of persons enlisted under section 14, Public Law 190, 79th Congress (Act of October 6, 1945).

Under 38 C.F.R. § 3.203(a), the VA may accept evidence of service submitted by a claimant, such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department, if the evidence meets the following conditions: (1) The evidence is a document issued by the service department. A copy of an original document is acceptable if the copy is issued by the service department or if the copy was issued by a public custodian of records who certifies that it is a true and exact copy of the document in the custodian's custody; and (2) the document contains needed information as to length, time and character of service; and (3) in the opinion of VA, the document is genuine and the information contained in it is accurate.

When the claimant does not submit evidence of service or the evidence submitted does not meet the requirements of 38 C.F.R. § 3.203(a), VA is required to request verification of service from the service department. See 38 C.F.R. § 3.203(c).

Under 38 C.F.R. §§ 3.40 and 3.41, certification of service is a prerogative of the service department, and the VA has no authority to amend or change their decision. The Court has held that findings by a United States service department verifying or denying a person's service are binding and conclusive upon the VA. See Duro v. Derwinski, 2 Vet. App. 530, 532 (1992).

The documents submitted by the appellant did not include a Department of Defense Form DD-214, Armed Forces of the United States Report of Transfer or Discharge, or an original Certificate of Discharge in accordance with 38 C.F.R. § 3.203(a). Consequently, the RO requested verification of the appellant's service from the NPRC, indicating that the appellant's name was not listed in the Recognized Guerilla Roster (RRGR) maintained by the RO. In August 2009, the NPRC indicated that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces. This finding of the service department is binding and conclusive upon the Board. Duro, 2 Vet. App. at 532. The Board therefore finds that the appellant did not have the requisite service to qualify for entitlement to legal entitlement to VA benefits. 



ORDER

Entitlement to one-time payment from the Filipino Veterans Equity Compensation Fund is denied. 



____________________________________________
H. N. SCHWARTZ 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs