Citation Nr: 1313643 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 11-22 152 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

Entitlement to one-time payment from the Filipino Veterans Equity Compensation Fund.


ATTORNEY FOR THE BOARD

Christopher Murray, Counsel










INTRODUCTION

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2009 administrative decision by the VA Regional Office (RO) in Manila, the Republic of the Philippines, that determined that the appellant did not have qualifying service to be eligible for the one-time payment from the Filipino Veterans Equity Compensation Fund.

The appellant has submitted additional evidence and argument with a waiver of RO consideration. See 38 C.F.R. §§ 19.37, 20.1304 (2012).


FINDING OF FACT

The National Personnel Records Center (NPRC) has certified that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the Armed Forces of the United States.


CONCLUSION OF LAW

The criteria for obtaining the one-time payment from the Filipino Veterans Equity Compensation Fund have not been met. 38 U.S.C.A. § 501(a) (West 2002 & West Supp. 2011); American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted February 17, 2009); 38 C.F.R. § 3.203 (2012).






REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

Before assessing the merits of the appeal, VA's duties to notify and assist must be examined. VA shall apprise a claimant of the evidence necessary to substantiate his claim for benefits and shall make reasonable efforts to assist a claimant in obtaining evidence unless no reasonable possibility exists that such assistance will aid in substantiating the claim.

In this case, it is the law, and not the facts, that are dispositive of the appeal. Thus, the Board finds that the duties to notify and assist are not applicable. See Mason v. Principi, 16 Vet. App. 129, 132 (2002); see also Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001). Further, VA has no duty to assist the Veteran in obtaining evidence where, as here, there is no reasonable possibility that any further assistance would aid him in substantiating his claim. See 38 U.S.C.A. § 5103A; Wensch v. Principi, 15 Vet. App. 362, 368.

Analysis

Pursuant to the American Recovery and Reinvestment Act, a one-time benefit is provided for certain Philippine Veterans to be paid from the "Filipino Veterans Equity Compensation Fund." American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted February 17, 2009). Section 1002, which addresses Payments to Eligible Persons Who Served in the United States Armed Forces in the Far East During World War II, provides that the Secretary may make a payment from the compensation fund to an eligible person who, during the one-year period beginning on the date of the enactment of this Act, submits to the Secretary a claim for benefits under this section. See Section 1002(c)(1). Section 1002(d) provides that an eligible person is any person who--(1) served--(A) before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or (B) in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538); and (2) was discharged or released from service described in paragraph (1) under conditions other than dishonorable.

In November 1998 and again in December 2010, the National Personnel Records Center (NPRC) reported that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerrillas, in the service of the United States Armed Forces. The appellant has not submitted a DD Form 214, a Certification of Release or Discharge from Active Duty, or an original Certificate of Discharge issued by the United States Armed Forces in accordance with 38 C.F.R. § 3.203(a)(1). The Board acknowledges that the appellant contends that he served in the services of the United States and that he has submitted records indicating that he served with the Philippine Army. This evidence, which was considered by the NPRC, is not acceptable proof of the requisite service, however, because it is not an official document of the appropriate United States service department. 

VA is prohibited from finding, on any basis other than a service department document, which VA believes to be authentic and accurate, or service department verification, that a particular individual served in the United States Armed Forces. Furthermore, any such service department finding is binding on VA for purposes of establishing service in the United States Armed Forces. Duro v. Derwinski, 2 Vet. App. 530, 532 (1992). The finding of NPRC that the appellant had no service as a member of the Philippine Commonwealth Army, including recognized guerrillas, in the service of the United States Armed Forces, is binding on VA.

Thus, the Board finds that the appellant has no qualifying service in the United States Armed Forces and he is not a "veteran" for the purpose of establishing eligibility for the Filipino Veterans Equity Compensation Fund benefit administered by the United States Department of Veterans Affairs. As such, the claim must be denied as a matter of law. Cacalda v. Brown, 9 Vet. App. 261 (1996). 
ORDER

Entitlement to one-time payment from the Filipino Veterans Equity Compensation Fund is denied. 




____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs