Citation Nr: 1313639 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-48 116 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE


Entitlement to a one time payment from the Filipino Veterans Equity Compensation Fund.


ATTORNEY FOR THE BOARD

G. E. Wilkerson, Associate Counsel


INTRODUCTION

This matter comes before the Board of Veterans' Appeals (Board) from a July 2009 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Manila, Philippines. In that decision, the RO denied the Veteran's claim for a one time payment from the Filipino Veterans Equity Compensation Fund.

A review of the appellant's Virtual VA electronic claims file reveals no additional records.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2012). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

The appellant did not have active military, naval, or air service, and is not an individual or a member of a group considered to have performed active military, naval, or air service. The appellant has no recognized service.


CONCLUSION OF LAW

The appellant does not have status as a veteran for purposes of his claim for a one time payment from the Filipino Veterans Equity Compensation Fund, and therefore does not meet the requirements of basic eligibility for these VA benefits. 38 U.S.C.A. §§ 101, 107 (West 2002); 38 C.F.R. §§ 3.1 , 3.40, 3.41, 3.203 (2012).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. The Veterans Claims Assistance Act of 2000

The Veterans Claims Assistance Act of 2000 as amended (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R §§ 3.10, 3.156(a), 3.159, 3.326(a) (2012).

In some cases, however, the VCAA need not be considered because the issue presented is solely one of statutory interpretation and/or the claim is barred as a matter of law. See Smith v. Gober, 14 Vet. App. 227, 231-232 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002), cert. denied, 537 U.S. 821 (2002). See also 38 C.F.R. § 3.159(b)(3)(ii) (VCAA notice not required when, as a matter of law, entitlement to the benefit claimed cannot be established); 38 C.F.R. § 3.159(d)(3) (VA will refrain from or discontinue assistance with regard to a claim requesting a benefit to which the claimant is not entitled as a matter of law). This is such a case. As discussed below, the facts are not in dispute; instead, resolution of the claim is wholly dependent on interpretation of the applicable laws and regulations pertaining to veteran status. The VCAA is therefore inapplicable and need not be considered in this case. See Mason v. Principi, 16 Vet. App. 129, 132 (2002); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001); see also VAOPGCPREC 5-2004 (June 23, 2004).

To the extent that VCAA is applicable, there has been compliance. Numerous attempts to verify service have been made. In addition, the appellant is aware that he could submit evidence and in fact did submit evidence.

II. Analysis

In order to be eligible for benefits administered by the VA, the evidence must establish that the individual seeking benefits is a veteran. The term "veteran" is defined in 38 U.S.C.A. § 101(2) as a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.

38 U.S.C.A. § 107(a) provides that service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States, will not be deemed to have been active military, naval, or air service except for specified benefits including disability compensation benefits authorized by chapter 11, title 38, United States Code. 38 U.S.C.A. § 107(a). Under 38 C.F.R. § 3.40, certain service with the Commonwealth Army of the Philippines, with the Philippine Scouts, and guerilla service is included for VA benefits purposes. These include service of persons enlisted under section 14, Public Law 190, 79th Congress (Act of October 6, 1945).

Under 38 C.F.R. § 3.203(a), VA may accept evidence of service submitted by a claimant, such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department, if the evidence meets the following conditions: (1) The evidence is a document issued by the service department. A copy of an original document is acceptable if the copy is issued by the service department or if the copy was issued by a public custodian of records who certifies that it is a true and exact copy of the document in the custodian's custody; and (2) the document contains needed information as to length, time and character of service; and (3) in the opinion of VA, the document is genuine and the information contained in it is accurate.

When the claimant does not submit evidence of service or the evidence submitted does not meet the requirements of 38 C.F.R. § 3.203(a), VA is required to request verification of service from the service department. See 38 C.F.R. § 3.203(c).

Under 38 C.F.R. §§ 3.40 and 3.41, certification of service is a prerogative of the service department, and VA has no authority to amend or change their decision. The Court has held that findings by a United States service department verifying or denying a person's service are binding and conclusive upon the VA. See Spence v. West, 13 Vet. App. 376, 380 (2000); Venturella v. Gober, 11 Vet. App. 340, 341 (1997); Cahall v. Brown, 7 Vet. App. 232, 237 (1994); Duro v. Derwinski, 2 Vet. App. 530, 532 (1992).

Under the recently enacted American Recovery and Reinvestment Act, a new one-time benefit is provided for certain Philippine veterans to be paid from the "Filipino Veterans Equity Compensation Fund." American Recovery and Reinvestment Act § 1002, Pub. L. No. 111-5 (enacted February 17, 2009). Payments for eligible persons will be either in the amount of $9,000 for non-United States citizens, or $15,000 for United States citizens.

For eligible persons who accept a payment from the Filipino Veterans Equity Compensation Fund, such payment "shall constitute a complete release of any claim against the United States by reason of [such] service ...." However, nothing in this act "prohibit[s] a person from receiving any benefit (including health care, survivor, or burial benefits) which the person would have been eligible to receive based on laws in effect as of the day before the date of the enactment of this Act."

Section 1002(d) provides that an eligible person is any person who--(1) served--(A) before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States; or (B) in the Philippine Scouts under section 14 of the Armed Forces Voluntary Recruitment Act of 1945 (59 Stat. 538); and (2) was discharged or released from service described in paragraph (1) under conditions other than dishonorable. Section 1002(j)(2) of the law also provides that VA will administer its provisions in a manner consistent with VA law including the definitions in 38 U.S.C.A. § 101 except to the extent otherwise provided in the statute.

The above summaries of the law and regulations as to what service constitutes active service for purposes of establishing veteran status reflect that, in order to qualify for compensation under the Filipino Veterans Equity Compensation Fund, a claimant must meet requirements that are included in the requirements under the law and regulations in effect prior to passage of this law. Thus, in order to show entitlement to a one time payment from the Filipino Veterans Equity Compensation Fund, a claimant must satisfy the criteria required for establishing basic eligibility for legal entitlement to VA benefits.

The appellant applied for benefits under the Filipino Veterans Equity Compensation Fund in February 2009. The RO requested verification of the appellant's service from the National Personnel Records Center (NPRC). The NPRC indicated in that the appellant had no service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces.
Accordingly, the RO denied the Veteran's claim for Filipino Veterans Equity Compensation in July 2009.

Following the initial denial, the appellant submitted a number of documents relating to his service, including an Affidavit for Philippine Army Personnel dated in February 1946, Certificates of Military Service from the Armed Forces of the Philippines General Headquarters dated in November 1991 and September 2009 reflecting service in the U.S. Armed Forces in the Far East (USAFFE), a letter from the Manila Bureau of the Treasury, a 1955 letter from Senator Macario Peralta, Certificate of Discharge dated in February 1946, a letter from the Philippine Veterans Affairs Office dated in December 1983, an Application for Back Pay, Manila Bureau of Treasury, Individual Reservist Data Sheet dated in May 1975, Diploma of Merit from the Provincial Government of Bohol dated in May 1963, Identification from the 8th Provisional Company dated in October 1945, Certification from Gerardo Sanchez, U.S. Army Captain, dated in February 1945, Special Orders from the Philippine Army and 1st Replacement Battalion, Processing Papers, an identification card from the Bohol District Veterans Associated dated in 1973, an Individual Clothing and Equipment record dated in September 1945, a February 1948 letter from Artemio Mendoza, and a Certificate of Induction. 

The documents submitted by the appellant did not include a Department of Defense Form DD-214, Armed Forces of the United States Report of Transfer or Discharge, or an original Certificate of Discharge in accordance with 38 C.F.R. § 3.203(a).

In response, the RO submitted this information to the NPRC and again requested verification of the appellant's service. The NPRC responded in June 2010 and in subsequent follow-up reports that there was no change warranted in the prior negative service certification. This finding of the service department is binding and conclusive upon the Board. Spence, 13 Vet. App. at 380; Venturella, 11 Vet. App. at 341; Cahall, 7 Vet. App. at 237; Duro, 2 Vet. App. at 532. The Board therefore finds that the appellant did not have the requisite service to qualify for entitlement to a one time payment from the Filipino Veterans Equity Compensation Fund.

In Capellan v. Peake, 539 F.3d 1373 (Fed. Cir. 2008), the Federal Circuit held that where service department certification of an appellant's active service is required, an appellant is entitled to submit and receive consideration of new evidence concerning such service by the relevant service department. The Federal Circuit also held that it was a violation of VA's duty to assist not to request service department review of additional or new documents or evidence provided by an appellant concerning an appellant's active service after the initial service department certification. Id. at 1380-81. The Federal Circuit further held that "the correct interpretation of the governing statues and regulations requires that a claimant's new evidence be submitted and considered in connection with a request for 'verification of service from the service department' pursuant to 38 C.F.R. § 3.203(c)." Id. In this case, when the appellant submitted additional documents relating to the nature of his service, the RO requested verification of his service from the NPRC. The RO thus complied with its duty to assist pursuant to Capellan.

For the foregoing reasons, the appellant had no qualifying service, the basic eligibility criteria for establishing entitlement to the one-time payment from the Filipino Veterans Equity Compensation Fund have not been met, and the claim must be denied. Because VA benefits are not authorized as a matter of law in this case, the benefit of the doubt is not applicable. See Sabonis v. Principi, 6 Vet.App. 426, 429-30 (1994) (where law and not evidence is dispositive, claim should be denied or appeal terminated because of lack of legal merit or lack of entitlement under the law).



ORDER

Entitlement to a one time payment from the Filipino Veterans Equity Compensation Fund is denied.


____________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs