Citation Nr: 1710377 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 12-04 963A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines


THE ISSUE

1. Whether new and material evidence has been received in order to reopen a previous determination that the decedent did not meet the basic eligibility as a veteran for purposes of for Department of Veterans Affairs (VA) death benefits.

2. Entitlement to veteran status for purposes of basic eligibility to Department of Veterans Affairs (VA) death benefits.


ATTORNEY FOR THE BOARD

M. Pryce, Associate Counsel



INTRODUCTION

This appeal arises from a December 2009 determination of the VA Regional Office (RO) in Manila, the Republic of the Philippines, wherein the RO determined that the appellant did not have legal entitlement to VA death benefits, on the basis that her deceased husband had no recognized military service under VA law. The appellant's husband died in January 1973, and the appellant is his surviving spouse.

As a matter of background, this matter previously came before the Board in September 2014, at which time the Board issued a remand for further development. 


FINDINGS OF FACT

1. In July 1973, the RO in Manilla issued a formal determination that the decedent did not have military service for VA purposes.

2. Evidence associated with the claims file since the July 1973 denial includes evidence that relates to an unestablished fact necessary to substantiate the claim, and is neither cumulative nor redundant of evidence already of record.

3. The Department of the Army, via the National Personnel Records Center, has certified that the decedent had no service as a member of the Philippines Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces during World War II.


CONCLUSIONS OF LAW

1. New and material evidence has been received sufficient to reopen the previously denied and final determination of non-veteran status. 38 U.S.C.A. §§ 5108, 7104, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).

2. The criteria for veteran status for the purpose of VA death benefits are not met. 38 U.S.C.A. §§ 101, 107, 1110 (West 2014); 38 C.F.R. §§ 3.1, 3.6, 3.40, 3.41, 3.203 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Notice and Assistance

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a)(1) (West 2014); 38 C.F.R. § 3.159(b) (2016). 

In connection with the claim on appeal, the appellant has been notified of the reasons for the denial of the claim, and has been afforded the opportunity to present evidence and argument with respect to the claim. The Board finds that these actions are sufficient to satisfy any fundamental due process owed the appellant. As will be explained below, the claims lack legal merit. As the law, and not the facts, is dispositive of the claim, the duties to notify and assist are not applicable. See Mason v. Principi, 16 Vet. App. 129 (2002); see also Manning v. Principi, 16 Vet. App. 534 (2002).

Nonetheless, to the extent that 38 C.F.R. § 3.203(c) (2016) imposes upon VA a duty to request verification of service from any applicable service department, as is discussed in more detail in the below decision, the Board is satisfied that VA has complied with that duty. The record contains evidence of multiple inquiries to and certifications from the National Personnel Records Center (NPRC) regarding the decedent's veteran status, or lack thereof. 

New and Material Evidence
 
In 1973, the appellant sought entitlement to VA burial benefits. That claim was denied because the decedent did not have recognized military service, and therefore was not considered a "veteran" for VA purposes. The appellant did not appeal that decision, and it subsequently became final. 

In general, decisions of the RO and the Board that are not appealed in the prescribed time period are final. 38 U.S.C.A. §§ 7104, 7105 (West 2014); 38 C.F.R. §§ 3.104, 20.1100, 20.1103 (2016). A finally disallowed claim, however, may be reopened when new and material evidence is presented or secured with respect to that claim. 38 U.S.C.A. § 5108 (West 2014).

Regardless of the action taken by the RO, the Board must determine whether new and material evidence has been received subsequent to an unappealed denial. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). As part of this review, the Board considers evidence of record at the time of the previous final disallowance of the claim on any basis, including on the basis that there was no new and material evidence to reopen the claim, and evidence submitted since a prior final disallowance. Evans v. Brown, 9 Vet. App. 273, 285-86 (1996).

New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (2016). For purposes of reopening a claim, the credibility of newly submitted evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). In determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, to include by triggering VA's duty to assist or consideration of a new theory of entitlement. Shade, 24 Vet. App. at 117-18.

Upon review, the Board finds that the previously determination of non-veteran status should be reopened. Since the time of the original denial, the appellant has submitted multiple documents, including Certification of the decedent's military service in the Armed Forces of the Philippines, issued by the Office of the Adjutant General. These documents are new in that they were not of record at the time of the prior denial, and to the extent that they triggered the duty to seek clarification from the NPRC regarding the decedent's possible service to the United States Armed Forces, they are material. As such, the Board finds that the previously denied and final determination of non-veteran status should be reopened. 

Veteran Status for Death Benefits Purposes

The appellant contends that she is entitled to VA death benefits by virtue of her husband's service as a recognized guerilla in the service of the United States Armed Forces during World War II. 

The term "veteran" is defined by law as a person who served in the active military, naval or air service, and was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C.A. § 101 (2) (West 2014); 38 C.F.R. § 3.1 (d) (2016). The term "active military, naval, or air service" includes active duty, which is defined as full time duty in the Armed Forces. 38 C.F.R. § 3.6 (2016). The "Armed Forces" consist of the United States Army, Navy, Marine Corps, Air Force, and Coast Guard, including their Reserve components. 38 C.F.R. § 3.1.

Service in the Philippine Scouts and in the organized military forces of the Government of the Commonwealth of the Philippines, including recognized guerrilla service, is recognized service for certain VA purposes, as authorized by 
38 U.S.C.A. § 107 (West 2014); 38 C.F.R. § 3.40 (2016).

Service as a Philippine Scout in the Regular Army inducted between October 6, 1945, and June 30, 1947, inclusive, and in the Commonwealth Army of the Philippines from and after the dates and hours when called into service of the Armed Forces of the United States by orders issued from time to time by the General Officer, U.S. Army, pursuant to the Military Order of the President of the United States dated July 26, 1941, is included for compensation benefits, but not for pension benefits. This provision does not apply to officers who were commissioned in connection with the administration of section 14 of Public Law No. 190, 79th Congress (Act of Oct. 6, 1945). All enlistments and re-enlistments of Philippine Scouts in the Regular Army between October 6, 1945, and June 30, 1947, inclusive, were made under the provisions of Public Law No. 190, because it constituted the sole authority for such enlistments during that period. 38 C.F.R. § 3.40(b).

Service department certified recognized guerrilla service and unrecognized guerrilla service under a recognized commissioned officer, only if the person was a former member of the United States Armed Forces (including the Philippine Scouts), or the Commonwealth Army, prior to July 1, 1946, is included for service-connected compensation benefits, but not for non-service-connected pension benefits. 
38 C.F.R. § 3.40(b), (c), and (d).

The following certifications by the service departments will be accepted as establishing guerrilla service: (1) recognized guerrilla service; (2) unrecognized guerrilla service under a recognized commissioned officer only if the person was a former member of the United States Armed Forces (including the Philippine Scouts), or the Commonwealth Army. This excludes civilians. See 38 C.F.R. § 3.40(d)(1), (2).

For the purpose of establishing entitlement to pension, compensation, dependency and indemnity compensation, or burial benefits, VA may accept evidence of service submitted by an appellant, such as a DD Form 214, Certificate of Release or Discharge from Active Duty, or original Certificate of Discharge, without verification from the appropriate service department if the evidence meets the following conditions: (1) the evidence is a document issued by the service department. A copy of an original document is acceptable if the copy was issued by the service department or if the copy was issued by a public custodian of records who certifies that it is a true and exact copy of the document in the custodian's custody; and (2) the document contains needed information as to length, time, and character of service; and (3) in the opinion of VA, the document is genuine and the information contained in it is accurate. 38 C.F.R. § 3.203(a) (2016). 

However, where the appellant does not submit evidence of service or the evidence submitted does not meet the requirements of 38 C.F.R. § 3.203, the VA shall request verification of service from the service department. 38 C.F.R. § 3.203(c). 

The Court has held that VA is prohibited from finding, on any basis other than a service department document, which VA believes to be authentic and accurate, or service department verification, that a particular individual served in the United States Armed Forces. Service department findings, therefore, are binding on VA for purposes of establishing service in the United States Armed Forces. Duro v. Derwinski, 2 Vet. App. 530, 532 (1992).

As discussed above, the decedent's status was previously denied in a July 1973 decision by the RO in Manilla. That determination was based upon a United States Military Records Center search which determined that the decedent was not a member of the Philippine Commonwealth Army (USAFFE) inducted in to the service of the Armed Forces of the United States, and that he did not have any recognized guerilla service. 

In support of her claim, the appellant has submitted copies of: her husband's death certificate; a marriage contract; an application to the Philippine Veterans Claim Commission completed by the appellant's husband before his death; correspondence from the Office of the President of the Philippines; notice of an annual stockholders meeting from the Philippine Veterans Bank; correspondence from the Philippine National Red Cross; several affidavits from individuals who claimed personal knowledge of the decedent's military service; and Certification of the decedent's military service in the Armed Forces of the Philippines, Office of the Adjutant General. The Board has reviewed these documents and determined that, while they confirm the decedent's status as a Filipino veteran, they otherwise fail to satisfy the requirements of 38 C.F.R. § 3.203(a). Specifically, none of the documents provided by the appellant are official documents from an appropriate United States Service Department. Therefore, they do not provide "veteran" status of the decedent.

During the initial adjudication of this claim, the RO submitted requests for verification of veteran status to the National Personnel Records Center (NPRC), a subsidiary of the National Archives and Records Administration (NARA). The NPRC responded in December 2011 and September 2012 that it had no record of the appellant's husband service as a member of the Philippine Commonwealth Army, including recognized guerillas, in the service of the United States Armed Forces. 

Nonetheless, in September 2014, the Board noted that the Court of Appeals for Veterans Claims (Court) had recently held that a request to the NPRC to verify a claimant's service does not satisfy VA's duty under § 3.203. See Tagupa v. McDonald, 27 Vet. App. 95 (2014). Notably, that decision held that a 1998 memorandum of agreement (MOA) between the Department of the Army and the NARA was ambiguous in its delegation of duty regarding administrative determinations verifying service to NARA, or its agency, NRPC. As such, the Board issued a remand for verification from the Department of the Army. 

The RO complied with the Board's orders, however, in January 2016, the Department of the Army and the NARA signed a new MOA which clearly delegated responsibility of verifying military service to NPRC. Thus, the 2016 MOA delegates to NPRC the authority to directly respond regarding the U.S. Army determination, and effectively superseded the 1998 MOA upon which the Court based its holding in Tagupa. As such, the RO again sought further clarification regarding the decedent's service to the United States Armed forces from the NPRC, which has been determined to be the correct authority. 

In September 2016, the NPRC issued a formal finding in which it stated that after reviewing all the provided information, a claim folder was identified for the decedent, however, that claim folder did not contain an AGO Form 23 (Affidavit of Philippine Army Personnel). The NPRC searched all units of assignment contained in the records submitted by the appellant, which pertained to the 7th Military District. A search of the 7th Military District roster was performed and the decedent's name was not listed on the approved guerilla roster. The NPRC stated that, under established guidance from the Department of the Army for the post-War recognition program, the Certification from the General Headquarters of the Armed Forces of the Philippines could not be accepted to verify service. As such, "veteran" status could not be conceded. 

As stated above, based upon the provisions of 38 C.F.R. § 3.203, none of the documents submitted by the appellant constituted valid evidence of service that qualifies for VA benefits because none of those documents was issued by a United States Military Service Department. Additionally, the various certifications from the NPRC certifying that the decedent did not have qualifying service are binding on VA such that VA has no authority to change or amend the finding. Duro, 2 Vet. App. at 532. Moreover, the appellant has provided no further evidence that would warrant a request for re-certification from the service department. See Sarmiento v. Brown, 7 Vet. App. 80, 85 (1994). The proper course for any claimant who believes there is a reason to dispute the report of the service department of the content of military records is to pursue such disagreement with the service department itself. See id. at 85. 

The Board is sympathetic to the appellant's claim, and does not question the sincerity of her beliefs that she is entitled to the benefits that she seeks. However, the Board finds that the appellant had no service as a member of the Philippine Commonwealth Army, including in the recognized guerillas, in the service of the United States Armed Forces. The decedent was therefore not a "veteran" for VA benefits purposes. As such, the Board finds that the appellant is not eligible for VA death and indemnity compensation benefits under the laws administered by VA, and may not be considered an eligible person for the purpose of establishing entitlement to death benefits. As the law is dispositive in this case, the claims must be denied because of lack of legal entitlement under the law. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).



ORDER

The previously denied and final determination that the decedent was not a "veteran" for VA purposes is reopened. 

The decedent is not a Veteran for VA purposes; the appellant is not entitled to death benefits. 




____________________________________________
B. T. KNOPE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs