# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-45

KENNETH MASON, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided  May 24, 2002  )

*Kenneth Mason, pro se.*

*Tim S. McClain*, General Counsel; *Ron Garvin*, Assistant General Counsel; *Darryl A. Joe,* Acting Deputy Assistant General Counsel; and *Erica M. Dornburg*, all of Washington, D.C., were on the brief for the appellee.

Before FARLEY, HOLDAWAY, and GREENE, *Judges*.

GREENE, *Judge*:  Veteran Kenneth Mason appeals, pro se, a November 12, 2000, Board of Veterans' Appeals (Board) decision that denied a claim for a permanent and total disability rating for pension purposes.  The Board remanded the veteran's claims for service connection for residuals of a neck injury and of a low-back injury and, therefore, those matters are not before this Court for review.  *See Morgan v. Brown*, 9 Vet.App. 161 (1996) (per curiam order).  Mr. Mason filed an informal brief and the Secretary filed a motion for summary affirmance.  The Court has jurisdiction under 38 U.S.C. § 7252(a).  As explained below, the Board's decision will be affirmed.

## I.  FACTS

The facts are not in dispute.  *See* Secretary's Motion at 2-5.  Mr. Mason served on active duty in the U.S. Navy from January 1978 to July 1985.  Record (R.) at 86-87.  In November 1994, he filed an original claim for VA benefits.  R. at 89-92.  A June 1995 Los Angeles, California, VA Regional

Office (RO) decision denied his claims for service connection for eye and low-back conditions. R. at 142-44. The decision noted: "Qualifying service for entitlement to pension is not in evidence." R. at 144.

An April 1997 RO decision noted that Mr. Mason had never been formally denied non-service-connected (NSC) pension benefits, but that his record revealed no qualifying service. R. at 262. An October 1998 RO decision also noted that he had never been denied NSC pension benefits. R. at 290. A November 1998 letter informed him that no decision was ever made on a claim for pension benefits because it appeared that he did not meet one of the basic eligibility requirements, service during a wartime period. R. at 292. Mr. Mason responded that he had served in a wartime period: "In 1980 when Iran took those 200 Americans I was aboard the U.S.S. William H. Standley (CG-32) home ported in San Diego, California, condition three (3)." R. at 297-99. A February 1999 letter from the RO informed him that Congress had not designated "the Iranian problem" a "wartime period." R. at 301-02.

In May 1999, Mr. Mason filed a Notice of Disagreement concerning the RO's denial of the NSC pension claim. R. at 312-13. In August 1999, the RO issued a Statement of the Case. R. at 315-20. Mr. Mason's Substantive Appeal reiterated his belief that the Iranian situation was a period of war. R. at 322-23. The Board, on November 12, 2000, determined that Mr. Mason's active service did not fall within any period of war as defined in 38 C.F.R. § 3.2. Thus, the Board concluded: "[T]he veteran's claim for entitlement to a permanent and total disability rating for pension purposes must be denied because of the absence of legal merit or lack of entitlement under the law." R. at 4. The Board also noted that because Mr. Mason had not identified any record that would demonstrate that he had the requisite wartime service, additional assistance under the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), was not required. *Id.* This appeal followed.

In his informal brief, Mr. Mason asserts entitlement to a full grant of all the benefits he requests, including pension benefits, but fails to assert any specific errors of fact or law requiring reversal or remand of the Board's decision. The Secretary argues that the absence of legal merit, or lack of entitlement under the law, mandates that the Board decision be summarily affirmed. He asserts that Mr. Mason's claim lacks legal merit because he clearly does not have wartime service.

2

He notes, in the interest of completeness, that Congress recently enacted the VCAA, but that despite the broad impact of the VCAA, readjudication is not required because the law and not the evidence is dispositive in this case.

## II. ANALYSIS

To establish entitlement to VA NSC pension benefits under 38 U.S.C. § 1521, a veteran must show (1) that he served during a period of war for 90 days or more (or was discharged or released from service during a period of war for a service-connected disability); (2) that he is permanently and totally disabled; and (3) that his income is below a certain standard. 38 U.S.C. § 1521(a), (j); *Vargas-Gonzalez v. West*, 12 Vet.App. 321, 328 (1999); *Fischer v. West*, 11 Vet.App. 121, 123 (1998); *see also* 38 U.S.C. § 1522. The term "period of war" is defined to include the following:

> [T]he Spanish-American War, the Mexican border period, World War I, World War II, the Korean conflict, the Vietnam era, the Persian Gulf War, and the period beginning on the date of any future declaration of war by the Congress and ending on the date prescribed by Presidential proclamation or concurrent resolution of the Congress.

38 U.S.C. § 101(11); *see also* 38 U.S.C. § 101(6)-(10), (29), (30), (33) (defining the time period for each identified period of war); 38 C.F.R. § 3.2 (2001). Thus, there is no recognized period of war between the end of the Vietnam era, May 7, 1975, and the beginning of the Persian Gulf War, August 2, 1990.

When a claim lacks legal merit or entitlement under the law, the Court will affirm the Board's denial of that claim. *See Sabonis v. Brown*, 6 Vet.App. 426, 430 (1994); *see also Rivers v. Gober*, 10 Vet.App. 469, 471-72 (1997). Here, there is no dispute that Mr. Mason served on active duty from January 1978 to July 1985. Further, he does not allege that he had any additional service. His sole argument is that the Iranian hostage situation should be considered a "period of war." Congress has clearly defined "period of war," and this Court has no authority to extend or expand that definition. *See* 38 U.S.C. § 101(11). Therefore, Mr. Mason did not serve on active duty during a "period of war" and is not eligible for NSC pension benefits. *See* 38 U.S.C. § 1521; *Sabonis, supra*.

The Court notes that on November 9, 2000, the VCAA was enacted. The VCAA, among other things, eliminated the well-grounded-claim requirement and amended VA's duty to notify

3

claimants and their representatives of any information or evidence necessary to substantiate their claims. *See generally* VCAA §§ 3, 4, 7. However, during the drafting of the VCAA, Congress observed that it is important to balance the duty to assist

> against the futility of requiring VA to develop claims where there is no reasonable possibility that the assistance would substantiate the claim. For example, wartime service is a statutory requirement for VA [NSC] pension benefits. Therefore, if a veteran with only peacetime service sought pension, no level of assistance would help the veteran prove the claim; and if VA were to spend time developing such a claim, some other veteran's claim where assistance would be helpful would be delayed.

146 CONG. REC. S9212 (daily ed. Sept. 25, 2000) (statement of Sen. Rockefeller). Thus, because the law as mandated by statute, and not the evidence, is dispositive of this claim, the VCAA is not applicable. *See Smith (Claudus) v. Gober*, 14 Vet.App. 227 (2000) (holding that VCAA did not affect federal statute that prohibits payment of interest on past due benefits), *aff'd*, 281 F.3d 1384 (Fed. Cir. 2002); *Sabonis*, *supra*.


### III. CONCLUSION

Upon consideration of the pleadings and review of the record, the Court holds that the appellant has not demonstrated that the Board committed either legal or factual error that would warrant reversal or remand. The Court is also satisfied that the Board's decision fulfills the "reasons or bases" requirement of 38 U.S.C. § 7104(d)(1). *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). The Secretary's motion is granted, and the November 12, 2000, decision of the Board is AFFIRMED.