# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1138

CELERINA PELEA,                                                                    APPELLANT,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                     APPELLEE.

Before STEINBERG, KASOLD, and HAGEL, *Judges*.

## O R D E R

Celerina Pelea, who is the widow of Bibiano P. Pelea, appeals a May 2, 2001, Board of Veterans' Appeals (Board) decision in which the Board denied her claim for dependency and indemnity compensation. On March 25, 2003, the Court in a single-judge order vacated the Board decision and remanded the matter for readjudication pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, § 3, 114 Stat. 2096, 2096-97 (codified at 38 U.S.C. §§ 5103-5103A). The Secretary appealed the Court's order to the United States Court of Appeals for the Federal Circuit (Federal Circuit). On April 23, 2004, the Federal Circuit vacated the Court's order and remanded the matter for further proceedings consistent with its opinion in *Conway v. Principi*, 353 F.3d 1369 (Fed. Cir. 2004). On August 24, 2004, the Secretary submitted to the Court a supplemental brief and a motion for leave to file that brief. On September 7, 2004, Ms. Pelea opposed the Secretary's motion for leave to file a supplemental brief. Ms. Pelea is now, and in the prior proceedings before this Court, represented by counsel. The Court will grant the Secretary's motion.

In the Secretary's supplemental brief, he argues that Ms. Pelea's failure to raise, in her initial brief, VA compliance with the VCAA, constitutes a waiver of that issue and consequently that it should be deemed abandoned. Secretary's Supplemental Brief (Suppl. Br.) at 2-3. Relying on *Mason v. Principi*, 16 Vet.App. 129, 132 (2002), the Secretary contends that, should the Court address the issue of compliance with the VCAA, the Court should find the statute inapplicable to this case because the law, and not the evidence, is outcome determinative. Secretary's Suppl. Br. at 3. The Secretary also asserts that, assuming the Court determines that the VCAA applies to this case, the Court should find that VA's obligations under the statute were met. *Id.* Alternatively, the Secretary argues that, should the Court determine that VA's obligations under the Veterans Claims Assistance Act of 2000 were not met, Ms. Pelea has failed to establish that any such error was prejudicial in accordance with *Conway*, 353 F.3d at 1374. *Id.*

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to file a supplemental brief is granted. It is further

ORDERED that, not later than 60 days after the date of this order, Ms. Pelea file and serve on the Secretary a response (1) addressing the arguments raised in the Secretary's supplemental brief, (2) advising whether notwithstanding that Ms. Pelea, through counsel, did not raise any arguments in her initial brief with respect to VA's compliance with the VCAA, she now intends to raise that issue, and (3) if so, articulating in what respects VA did not so comply and how compliance would have assisted her in substantiating her claim in terms of the provision of evidence. It is further

ORDERED that the Secretary file, not later than 14 days after Ms. Pelea's response is filed, a reply explaining why Ms. Pelea was not prejudiced insofar as the evidence referred to in her response.

DATED:     December 15, 2004          PER CURIAM.