KASOLD, Judge,
concurring in judgment:
Although I agree with the disposition in this case, I respectfully dissent from that part of the majority opinion that finds that the Secretary violated 38 U.S.C. § 5103(a).
Pursuant to regulation, the “active service of members of the irregular force guerilla will be the period certified by the service department.” 38 C.F.R. § 3.41(d) (2006) (latter emphasis .added). Thus, when Mr. Palor submitted his application for VA benefits and asserted that he had recognized guerrilla service in the Republic of the Philippines from January 1942 to November 1943 and provided documentation supporting his assertion,[3] the Secre *211 tary had sufficient information to seek certification of the reported service from the NPRC. In response thereto, the NPRC reported that Mr. Palor “has no service as a member of the Philippine Commonwealth Army, including the recognized guerillas, in the service of the United States Armed Forces.” R. at 75. Thereafter, the Secretary properly denied Mr. Palor’s claim. See Soria, 118 F.3d at 749 (“Where service department certification is required, ... the VA has long treated the service department’s decision on such matters as conclusive and binding on the VA.... This court sees no error in that treatment.”).
Although section 5103(a) requires the Secretary to notify a claimant of the information and evidence necessary to substantiate a claim, it should not be read to require futile efforts as is the case here, where the information necessary to seek certification of service from NPRC is provided with the application for VA benefits and the law is dispositive and mandates denial of the claim when that service is not so certified. See Ala. Power Co. v. Costle, 636 F.2d 323, 360 (D.C.Cir.1979) (stating the obvious proposition that courts should be reluctant to interpret the terms of a statute “to mandate pointless expenditures of effort”); Mason v. Principi, 16 Vet.App. 129,132 (2002) (“[BJecause the law as mandated by statute, and not the evidence, is dispositive of this claim, the VCAA is not applicable.”); Sabonis v. Brown, 6 Vet.App. 426, 430 (1994) (where law, and not evidence, is dispositive, claim should be denied or appeal terminated because of lack of legal merit).

. In support of his assertion, Mr. Palor submitted with his application for VA benefits affidavits from the Republic of Philippines Department of National Defense Military Service Board, Department of National Defense *211 Philippine Veterans Affairs Office, and friends regarding his military service and asserting that he had recognized guerrilla service in the Republic of the Philippines.