Citation Nr: 1546197 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 10-35 021 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES


1. Entitlement to payment of nonservice-connected pension benefits, to include whether the Veteran's annualized countable income exceeds the maximum annual income limit for receipt of payment for such benefits. 

2. Entitlement to special monthly pension (SMP) based on the need for regular aid and attendance or on account of housebound status.


REPRESENTATION

Appellant represented by: California Department of Veterans Affairs


ATTORNEY FOR THE BOARD

M. Riley, Counsel


INTRODUCTION

The Veteran served on active duty from January 1964 to January 1969. This case comes before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California.

The Board remanded the case for additional development in January 2014 and January 2015. It has now returned to the Board for further appellate action. 


FINDINGS OF FACT

1. The Veteran's countable annual income for VA pension purposes is in excess of the established income limit for receipt of payment for nonservice-connected disability pension and payment of SMP on account of housebound status.

2. The Veteran requires actual personal assistance from others to perform her activities of daily living and is so nearly helpless as to require the regular aid and attendance of another person. 


CONCLUSIONS OF LAW

1. The Veteran's income exceeds the limit for receiving nonservice-connected pension. 38 U.S.C.A. §§ 1521, 5107 (West 2014); 38 C.F.R. §§ 3.3(b)(3), 3.23, 3.271, 3.272, 3.273 (2014).

2. The Veteran's income exceeds the limit for receiving SMP on account of housebound status. 38 U.S.C.A. §1521(d), (s); 38 C.F.R. §§ 3.350, 3.35.

3. The criteria for SMP based on the need for aid and attendance are met. 38 U.S.C.A. §1521(d), (s); 38 C.F.R. §§ 3.351, 3.352.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Nonservice-connected Pension, SMP for Housebound Status, and Countable Income

Pursuant to 38 U.S.C.A. § 1521(a), improved (nonservice-connected) pension is a benefit payable by VA to a veteran of a period of war who is permanently and totally disabled from non-service-connected disability not the result of the veteran's willful misconduct. The Veteran filed a claim for nonservice-connected pension in June 2008. The January 2009 rating decision on appeal denied entitlement to pension on the basis that the Veteran's income exceeded the maximum annual limit set by law for disability pension. 

Basic entitlement to improved pension exists if, among other things, a veteran's income is not in excess of the applicable maximum allowable pension rate specified in 38 C.F.R. § 3.23, as changed periodically and reported in the Federal Register. See 38 U.S.C.A. § 1521 (West 2014); 38 C.F.R. § 3.3(a)(3) (2014). The maximum annual pension rate (MAPR) is periodically increased from year to year. 38 C.F.R. § 3.23(a). The MAPR is published in Appendix B of VA Manual M21-1 and is given the same force and effect as if published in VA regulations. 38 C.F.R. §§ 3.21, 3.23.

The maximum rates for improved pension shall be reduced by the amount of the countable annual income of the veteran. 38 U.S.C.A. § 1521; 38 C.F.R. § 3.23(b). In addition, payment of a veteran's pension shall be denied or discontinued based upon consideration of the annual net worth or corpus of the estate of the veteran, the veteran's spouse, and the veteran's children. 38 U.S.C.A. § 1522(a); 38 C.F.R. § 3.274. In determining countable annual income for improved pension purposes, all payments of any kind or from any source (including salary, retirement or annuity payments, or similar income, which has been waived) shall be included except for listed exclusions. See 38 U.S.C.A. § 1503(a); see also 38 C.F.R. §§ 3.260 , 3.261, 3.262, 3.271(a), 3.272. Social Security Association (SSA) income is not specifically excluded under 38 C.F.R. § 3.272. Such income is therefore included as countable income.
The Veteran filed a claim for entitlement to nonservice-connected pension in June 2008. At that time, she reported receiving monthly income of $942.00 from SSA, $296.00 in annuity payments, and a $222.00 widow's benefit. Her total monthly income was therefore reported as $1,460 with an annual income of $17,520.00. Review of information received from the SSA indicates that the Veteran's monthly payment was $1,039, but $96.00 was deducted for medical insurance premiums each month for a total payment of $942.00. The Board therefore finds that the Veteran received a yearly income of $17,520 in 2008. 

In December 2008, the Veteran also submitted a list of annual medical expenses for the year totaling $636.00. The Board observes that the amount reported by the Veteran includes a $96.00 payment for Medicare Part B. The same amount was deducted by the SSA from the Veteran's monthly compensation for insurance premiums and it therefore appears the Veteran may have reported the expense twice; however, the Board will resolve any doubt in her favor and include the $96.00 payment in her total medical expenses. 

Under 38 C.F.R. § 3.272, medical expenses in excess of five percent of the MAPR which have been paid shall be excluded from countable income for the purpose of determining entitlement to improved pension. In 2008, the maximum annual rate of improved pension for a veteran with no dependents was $11,181. See VA Manual M21- 1, Part I, Appendix B; 38 U.S.C.A. § 1521; 38 C.F.R. § 3.23. 
Five percent of the 2008 MAPR is $559.00 and the Board will exclude $636.00 from the Veteran's income (i.e., the amount in excess of 5 percent of the MAPR). Thus, the Veteran's adjusted countable income for 2008 totaled $16,884 and clearly exceeded the MAPR for 2008 of $11,181.

The Veteran has not provided any income or medical expense information for the years following 2008. Assuming her income and expenses remained at essentially consistent levels, it appears that his countable income would continue to exceed the maximum annual rate of improved pension.

Based on the foregoing, the Board finds that the Veteran's annual income clearly exceeded the income limit established by the MAPR for the annualization period beginning in 2008, and the Veteran is therefore ineligible for payment of nonservice-connected pension for these years due to excessive income for non service-connected pension purposes.

With respect to the Veteran's claim for SMP, a different and higher MAPR is provided for a Veteran who meets the criteria for housebound status. The MAPR for the SMP housebound benefit claimed by the Veteran in 2008 was $13,664. Thus, the Veteran's calculated income is also in excess of the MAPR for SMP based on housebound status. Pursuant to the governing legal authority, the Veteran does not meet the basic income eligibility requirement to establish entitlement to payment of nonservice-connected pension or SMP on account of housebound status. Where, as here, the law and not the evidence is dispositive and the appeal must be denied as without legal merit. See Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).


SMP Based on Aid and Attendance

As noted above, the Veteran's income exceeds the limit established by the MAPR for nonservice-connected pension and SMP based on housebound status. However, a different and higher MAPR is provided for a Veteran needing regular aid and attendance and the Veteran's income is not a bar to this benefit. See VA Manual M21- 1, Part I, Appendix B; 38 U.S.C.A. § 1521; 38 C.F.R. § 3.23 (providing a MAPR of $18,654 for a Veteran with no dependents requiring aid and attendance). Thus, the Veteran's failure to meet the income eligibility requirement for the pension benefits discussed above does not prohibit her from qualifying for SMP based on the need for aid and attendance if she meets the other criteria for the award. 

SMP is warranted if a veteran is in need of regular aid and attendance. 38 U.S.C.A. § 1521(d). The need for aid and attendance is defined as helplessness or being so nearly helpless as to require the regular aid and attendance of another person. 38 C.F.R. § 3.351(b). A veteran shall be considered to be in need of regular aid and attendance if: she is blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; or is a patient in a nursing home because of mental or physical incapacity; or establishes a factual need for aid and attendance under the criteria set forth in 38 C.F.R. § 3.352(a). See also 38 C.F.R. § 3.351(c). 

Determinations as to the need for aid and attendance are based on the actual requirements of personal assistance from others. In determining the need for regular aid and attendance, consideration will be given to the inability of the veteran to dress or undress himself, or to keep clean; frequent need of adjustment of any prosthetic which by reason of the disability cannot be done without aid; inability of the veteran to feed himself; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect himself from the hazards or dangers of the daily environment. Bedridden will be that condition which, through its essential character, actually requires that the claimant remain in bed. 38 C.F.R. § 3.352(a). It is mandatory for VA to consider the enumerated factors within the regulation, and at least one of the enumerated factors be present. Turco v. Brown, 9 Vet. App. 222 (1996). 

After review of the evidence, the Board finds that the evidence is in equipoise regarding whether the Veteran meets the criteria for an award of SMP based on aid and attendance under 38 C.F.R. § 3.352(a). The record contains reports from private examiners dated in March 2008 and June 2008 detailing the Veteran's functional limitations due to bilateral knee and lung disabilities. Although the Veteran was described as largely independent, she was noted to need assistance with bathing (moving in and out of the bathtub). The private physician also described severe ambulation limitations, noting in June 2008 the Veteran was only capable of ambulating half a block and only left her house one time per day. Similar findings were recorded by a VA examiner in December 2008. The Veteran was characterized as independent in self-care, but required a caregiver for driving, getting dressed and undressed, cooking, shopping, and performing chores around the house. The VA examiner also determined that the Veteran required assistance in carrying out her activities of daily living. The Veteran was capable of managing her own showers, transferring to and from furniture, and managing her own personal hygiene and toileting, but the examiner's overall conclusions indicate that aid and assistance was required consistent with the criteria contained in 38 C.F.R. § 3.352(a). In cases where the evidence is in relative equipoise regarding whether a certain benefit should be awarded, the Board will resolve any doubt in favor of the Veteran. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The Board therefore finds that entitlement to SMP based on the need for regular aid and attendance is warranted and to this extent, the claim is granted. 


Duties to Notify and Assist

Regarding the claim for SMP based on aid and attendance, VA has substantially satisfied the duties to notify and assist. To the extent that there may be any deficiency of notice or assistance, there is no prejudice to the Veteran in proceeding with this appeal given the favorable nature of the Board's decision to grant the claim. 

With respect to the other claims on appeal, the facts of this case are not in dispute and the Board's decision is wholly dependent on objective findings regarding the Veteran's income and application of the relevant VA statutes and regulations. Thus, as no reasonable possibility exists that any further factual development would assist in substantiating the claim, should any deficiencies of notice or assistance exist, they are rendered moot. See 38 U.S.C.A. § 5103A; Wensch v. Principi, 15 Vet. App. 362, 368 (2001) (compliance with the VCAA is not required if no reasonable possibility exists that any notice or assistance would aid the appellant in substantiating the claim). Moreover, because the claim is being denied as a matter of law, no further development is warranted. See Mason v. Principi, 16 Vet. App. 129, 132 (2002); see also Livesay v. Principi, 15 Vet. App. 165 (2001) (en banc) (holding that the VCAA is not applicable where it could not affect a pending matter and could have no application as a matter of law); Sabonis v. Brown, 6 Vet. App. 426, 429-30 (1994) (where the operation of law is dispositive, the appeal must be terminated because there is no entitlement under the law to the benefit sought). 




ORDER

Entitlement to payment of nonservice-connected pension benefits is denied. 

Entitlement to SMP on account of housebound status is denied. 

Entitlement to SMP based on the need for regular aid and attendance is granted. 




____________________________________________
MILO H. HAWLEY
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs