Citation Nr: 1607936 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 08-02 111 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Whether the recoupment of severance pay awarded in the amount of $18,816.00 by withholding Department of Veterans Affairs (VA) disability compensation is proper.


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

Joseph P. Gervasio, Counsel



INTRODUCTION

The Veteran served on active duty from April 1981 to April 1985 and from July 1985 to January 1989. 

This appeal comes before the Board of Veterans' Appeals (Board) from an October 2006 notice letter that informed the Veteran that his disability payments were being withheld. 


FINDINGS OF FACT

1. The Veteran served on active duty from April 1981 to April 1985 and from July 1985 to January 1989; upon separation from active service in January 1989, the Veteran received severance pay in the amount of $18,816.00. 

2. By rating decision dated in September 2006, a 30 percent rating was awarded for tension headaches with vertigo. 

3. In October 2006, the RO notified the Veteran that money from his VA disability payments was being withheld until the full amount of his disability severance pay was recouped. 


CONCLUSION OF LAW

Recoupment of separation pay through withholding of disability compensation payments is proper. 10 U.S.C.A. § 1174 (West 2014); 38 C.F.R. § 3.700 (2015).



REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

VA has specified duties to notify a claimant as to the information and evidence necessary to substantiate a claim for VA benefits. The Board has considered whether further development and notice under the Veterans Claims Assistance Act of 2000 (VCAA) or other law should be undertaken. However, in the present decision, the Board has found that, as a matter of law, the Veteran is not entitled to the benefit sought on appeal. The notice and duty to assist provisions have no effect on an appeal where the law, and not the underlying facts or development of the facts, are dispositive in a matter. Manning v. Principi, 16 Vet. App. 534, 542-43 (2002). In such claims where the law is dispositive, the claim must be denied due to a lack of legal merit. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). In cases such as this, VA is not required to address the duties to notify or assist a claimant, where a claim cannot be substantiated because there is no legal basis for the claim or because undisputed facts render the claimant ineligible for the claimed benefit. See Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001); Mason v. Principi, 16 Vet. App. 129 (2002); see also VAOPGCPREC 5-2004. 

Recoupment of Severance Pay

The recoupment of a veteran's separation pay from his or her VA disability compensation is required by 10 U.S.C.A. § 1174(h)(2), which states that a member who has received separation pay under this section, or severance pay or readjustment pay under any other provision of law, based on service in the armed forces shall not be deprived, by reason of his receipt of such separation pay, severance pay, or readjustment pay, of any disability compensation to which he or she is entitled under the laws administered by VA, but there shall be deducted from that disability compensation an amount equal to the total amount of separation pay, severance pay, and readjustment pay received. 

The implementing regulation, 38 C.F.R. § 3.700(a)(3) , provides that, "[w]here entitlement to disability compensation was established on or after September 15, 1981, a Veteran who has received disability severance pay may receive disability compensation for disability incurred in or aggravated by service prior to the date of the receipt of severance pay subject to recoupment of the severance pay. Where payment of disability severance benefits under section 1174a was made prior to September 30, 1996, VA will recoup from disability compensation an amount equal to the total amount of severance pay." 38 C.F.R. § 3.700(a)(3) (2015). 

The Veteran was separated from active service in January 1989. The record shows that he received severance pay in the amount of $18,816.00. 

In a rating decision of June 1989, the RO granted service connection for vascular headaches with vertigo, rated as 10 percent disabling. The RO then began recouping based upon the amount of $18,816.00. The Veteran was advised of this by letter in August 1989. The Veteran's compensation was subsequently terminated effective September 1991, after he failed to report for a VA examination. In August 2005, the Veteran requested that his compensation be reinstated. In a decision of September 2006, the RO restored compensation, with a 30 percent rating effective from August 8, 2005. At that time the RO also once again began to recoup the severance pay. 

The recoupment of an amount equivalent to the Veteran's severance pay from his VA disability compensation is required by Congress under 10 U.S.C.A. § 1174(h)(2). The Board finds that the law, as written by Congress and implemented by VA regulation, has been correctly applied in this case. The recoupment of the overpayment of VA compensation in the amount of severance pay received ($18,816.00) by withholding in monthly allotments payments of disability compensation benefits, is required by law. 10 U.S.C.A. § 1174; 38 C.F.R. § 3.700(a)(3). 

The Board is sympathetic to the Veteran's situation; however, the Board is bound by the law and is without authority to grant benefits on an equitable basis. See 38 U.S.C.A. §§ 503, 7104; Harvey v. Brown, 6 Vet. App. 416, 425 (1994). The Board is ultimately bound by the law passed by Congress, and this decision is dictated by the relevant statutes and regulations that were discussed above. The Board finds that the law as enacted by Congress and implemented by VA regulation, has been correctly applied in this case. The recoupment of the amount of disability severance pay from payments of VA disability compensation benefits, is required by law. 10 U.S.C.A. § 1174 ; 38 C.F.R. § 3.700(a)(3). Thus, as VA does not have any discretion in the recoupment of the severance pay, the claim must be denied for lack of legal merit. Sabonis, 6 Vet. App. at 430.


ORDER

Recoupment of severance pay was proper; the appeal is denied.



____________________________________________
BARBARA B. COPELAND 
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs