http://www.va.gov/vetapp16/Files6/1644937.txt

Citation Nr: 1644937 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 15-10 120A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Providence, Rhode Island

THE ISSUE

Whether a request for waiver of recovery of an overpayment of death pension benefits in the amount of $11,744.50 was timely filed.

WITNESSES AT HEARINGS ON APPEAL

Appellant and her son

ATTORNEY FOR THE BOARD

D. Orfanoudis, Counsel

INTRODUCTION

The Veteran had active duty service from September 1942 to November 1945. He died in September 2002. The appellant is his surviving spouse.

This appeal to the Board of Veterans' Appeals (Board) arose from an April 2014 decision in which the Committee on Waivers and Compromises (COW) of the RO, denied the appellant's claim for a waiver of recovery of the overpayment of improved death pension benefits on the basis that her request for waiver was not timely filed. In May 2014, the appellant filed a notice of disagreement (NOD). 

In December 2014, the appellant and her son testified during a telephone hearing conducted by an individual identified as a hearing officer and COWC member; A transcript of that hearing is of record. Thereafter, a statement of the case (SOC) was issued in March 2015, and the appellant filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in March 2015.

In July 2016, the appellant and her son testified during a Board video conference hearing before the undersigned Veterans Law Judge. A transcript of that hearing has been associated with his claims file. During the hearing, the undersigned granted a 60-day abeyance period, following the hearing, for the submission of additional evidence. To date, no additional evidence has been received.

The Board notes that the Veteran's claims file has been converted into a paperless claims file via the Veterans Benefits Management System (VBMS) and Virtual VA paperless, electronic claims processing systems. All records in such files have been reviewed. 

Also, this appeal has been advanced on the Board's docket, pursuant to 38 U.S.C.A. § 7107(a)(2) (West 2014) and 38 C.F.R. § 20.900(c) (2015). 

FINDINGS OF FACT

1. All notification and development action needed to fairly adjudicate the claim herein decided has been accomplished.

2. In June 2011, the appellant was informed that VA had reduced her benefits due to a change in her countable income/net worth, creating an overpayment in the amount of $5,924.00.

3. In a June 23, 2011, letter and attached Notice of Rights and Obligations, the appellant was notified of an overpayment of Compensation and Pension benefits, of the right to request a waiver of recovery of the overpayment, and of the 180-day time limit to request such a waiver.

4. In June 2012, Social Security Administration Inquiry Data revealed that the appellant received more Social Security benefits than she had previously reported.

5. In June 2012, the appellant was informed that VA proposed to reduce her benefits due to the change in countable income/net worth; she was given 60 days to provide evidence and/or argument opposing the reduction. 

6. In July 2012, the RO received correspondence from the appellant's son requesting a hearing on her behalf.

7. In September 2012, the appellant was informed that VA had reduced her benefits due to a change in her countable income/net worth, creating an additional overpayment in the amount of $5,280.50.

8. The appellant filed a request for waiver of overpayment of improved death pension on March 4, 2014, more than 180 days after notification of the overpayment at issue.

CONCLUSION OF LAW

As the request for a waiver of overpayment filed on March 4, 2014, was not timely filed, VA may not address the merits of the waiver request.. 38 U.S.C.A. § 5302 (a) (West 2014); 38 C.F.R. §§ 1.911, 1.963 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due Process Considerations

At the outset, the Board notes that the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2015).

In this appeal, the appellant has been advised of the bases of the denial of her claim, and afforded the opportunity to present information and evidence pertinent to the claim. The Board finds that these actions satisfy any fundamental due process owed the appellant. As will be explained below, as the request for waiver was untimely, VA cannot address the merits of the waiver request. As the law, and not the facts, is dispositive of the claim, the duties to notify and assist imposed by the VCAA are not applicable. See Mason v. Principi, 16 Vet. App. 129, 132 (2002). See also Manning v. Principi, 16 Vet. App. 534, 542-543 (2002) (the provisions of the VCAA have no effect on an appeal where the law, and not the underlying facts or development of the facts are dispositive in a matter). 

As for the 2016 Board hearing, it is noted that, in Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that the provisions of 38 C.F.R. § 3.103(c)(2) impose two distinct duties on VA employees, including Board personnel, in conducting hearings: (1) to explain fully the issue(s), and (2) to suggest the submission of evidence that may have been overlooked. Here, the Board finds that, consistent with Bryant, there has been substantial compliance with the duties set forth in 38 C.F.R. 3.103 (c)(2), and that the hearing was legally sufficient. 

During the hearing, the undersigned identified the issue on appeal and explained the basis for denial of the appellant's waiver request. Also, the hearing transcript reflects appropriate exchanges between the appellant's son and the undersigned concerning the sequence of evidence of events following the initial notice of proposed reduction of the appellant's pension benefits (discussed in more detail, below), as well as the bases for the son's belief as to why the waiver request should be considered timely filed, Additionally, the appellant was offered an opportunity to ask the undersigned questions regarding her claim for waiver of recovery of the overpayment. Although the undersigned did not explicitly suggest the submission of any specific, additional evidence, on these facts, such omission was harmless. As noted, the record was held open for 60-days following the hearing for the submission of additional evidence. That notwithstanding, nothing at the time of the or since gave rise to the possibility that there was any outstanding, existing pertinent evidence. Notably, the appellant has not asserted that VA failed to comply with the duties addressed in Bryant, and has not otherwise identified any prejudice in the conduct of the Board hearing. 

II. Timeliness of the Waiver Request

The appellant has requested waiver of recovery of an overpayment of VA death pension benefits in the amount of $11,744.50. For the reasons that follow, the Board finds that the appellant's waiver request was not timely filed.

A request for waiver of a debt, other than for loan guaranty, shall only be considered if made within 180 days following the date of a notice of the indebtedness to the debtor. The 180-day period may be extended if the individual requesting waiver demonstrated to the Chairperson of the Committee that, as a result of an error by either VA or the postal authorities, or due to other circumstances beyond the debtor's control, there was a delay in such individual's receipt of the notification of indebtedness beyond the time customarily required for mailing, including forwarding. If the requester does substantiate that there was such a delay in the receipt of the notice of indebtedness, the Chairperson shall direct that the 180-day period be computed from the date of the requester's actual receipt of the notice of indebtedness. See 38 C.F.R. § 1.963 (b); see also 38 U.S.C.A. § 5302 (a). 

The basic facts in this case are not in dispute. A June 2011 letter to the appellant informed her of a proposal to reduce her death pension benefits as VA had received information that her countable income had been more than previously calculated, creating an overpayment in the amount of $5,924.00. She was advised to immediately provide additional information regarding her income. In a June 23, 2011, letter and attached Notice of Rights and Obligations, the appellant was notified of an overpayment of Compensation and Pension benefits, of the right to request a waiver of recovery of the overpayment, and of the 180-day time limit to request such a waiver. The appellant did not respond to this letter. 

A June 2012 letter to the appellant informed her of a proposal to reduce her death pension benefits as VA had again received information that her countable income (Social Security Administration benefits) had been more than previously calculated, creating an additional overpayment in the amount of $5,280.50. She was advised to immediately provide additional information regarding her income. In June 2012, the RO received correspondence from the appellant's son requesting a hearing on her behalf. No additional information regarding the appellant's income was provided.

The June 2011 and June 2012 letters and included a respective Notice of Rights and Obligations that informed the appellant that she owed the total amount of $11,744.50 to VA as her entitlement to benefits had changed, of the right to request a waiver of recovery of the overpayment, and of the 180-day time limit to request such a waiver. 

In September 2012, the RO notified the appellant that additional information requested (including additional Social Security Administration benefits information) had not been received. Therefore, it was assumed that the Social Security Administration benefits information provided had been correct, and the proposed reduction in her VA benefits was implemented, effective as of January 1, 2011.

The Board notes that during the July 2016 Board hearing, the appellant and her son testified that he had requested a hearing following receipt of the initial notice of overpayment in correspondence dated November 14, 2011. The appellant submitted a copy of a letter from her son, purported to have been sent to the RO via email, requesting a personal hearing regarding the status of her benefit account. There is no return receipt, date stamp, or any other identification confirming receipt of this correspondence by the RO. 

No additional correspondence was received from the appellant until March 4, 2014, when she filed a request for waiver of the overpayment of death pension benefits..

As noted, pursuant to VA statute and regulation, the appellant had180 days from the date of notice of overpayment to file a request for a waiver of overpayment. See 38 C.F.R. § 1.963 (b); see also 38 U.S.C.A. § 5302 (a). However, the record includes no document filed by the appellant with the RO that constitutes a timely-filed request for waiver of overpayment or any document referencing a request for an extension of the period for filing such a waiver request. 

While the appellant's son seems to argue that VA's failure to provide a timely hearing is why the appellant did not file a timely waiver request, such argument is unavailing. Even considering (without deciding) that, the appellant's requests for a personal hearing were, effectively, challenges to the validity of the debt-which may have extended the period for filing a waiver of overpayment by, at most, an additional 180 days from the notice of the denial of that challenge-such period had long expired by the time the appellant filed a request for waiver of the overpayment on March 4, 2014. Notably, nothing in the request for a hearing references a request for waiver of the overpayment, and-despite suggestions by the appellant's son to the contrary-requesting a hearing to discuss the validity of the debt is not tantamount to requesting a waiver of recovery of the debt, the timing of which is not only prescribed by statute and regulation, but explained in the various notices and other correspondence sent to the appellant. 

Under these circumstances, the Board must conclude that the appellant failed to timely file a request for waiver of the overpayment of death pension benefits. It is noteworthy that the appellant does not dispute the chronology of events in this case. She also does not contend that she timely filed a request for a waiver of an overpayment or that there was a delay in her receipt of the notification of indebtedness. To the extent that she, through her son, suggests that her requests for a personal hearing represent a challenge of the validity of the underlying debt, as indicated above, such would not satisfy the requirements for a timely-filed request for waiver of recovery of the debt. Moreover, with respect to the matter of the validity of the debt, the Board notes that the appellant had failed to provide the RO with requested evidence in 2011 and 2012, and the appellant was so notified, but she did not dispute any findings in this regard.

While the Board is sympathetic to the appellant, the legal authority governing the timeliness of waiver requests is clear and specific, and the Board is bound by such authority. In view of all the above, the Board must conclude that the request for waiver of overpayment, filed on March 4, 2014, was not timely, and that, therefore, VA is constrained from considering the merits of the appellant's waiver request. 

ORDER

As the request for waiver of recovery of an overpayment of death pension benefits in the amount of $11,744.50 was not timely filed, the appeal is denied.

____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs