Citation Nr: 1744002 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 15-04 329 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to attorney fees from past-due benefits associated with the grant of an increased disability rating in a December 2013 RO rating decision.


ATTORNEY FOR THE BOARD

A. Barone, Counsel


INTRODUCTION

The Veteran served on active duty from October 2007 to May 2011, and the appellant has been (and continues to be) his attorney representative in matters appealed to the Board of Veterans' Appeals (Board). The appellant and the Veteran entered into a fee agreement in April 2012.

This matter is before the Board on appeal from a January 2014 administrative decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina, which determined that no attorney fees could be paid directly to the appellant because there was not an award of past-due benefits that resulted in a cash payment to the Veteran at that time.

This case was previously before the Board in January 2016, when the Board issued a decision dismissing the appeal on the basis that it had been rendered moot by an award of attorney fees in July 2015. The appellant appealed the decision to the Court of Appeals for Veterans Claims (Court). In February 2017, the Court issued a memorandum decision that vacated the January 2016 Board decision and remanded the matter for readjudication consistent with the instructions outlined in the memorandum decision.

The Court's February 2017 memorandum decision found that "the Board provided an inadequate statement of its reasons or bases for finding that the June 2015 RO decision rendered the appeal of the January 2014 RO decision moot." The memorandum decision explained: "Although the Court takes no position as to whether the appellant is entitled to additional fees, at this time the Board appears to have found it lawful for the RO to issue a determination while the matter was in the Board's jurisdiction. Remand is required for the Board to provide an adequate statement of its reasons or bases for finding that the RO could moot an earlier decision that was already in appellate status, and why the earlier decision should not have been adjudicated by the Board."

In the Board's current appellate review of this case, the Board shall not dismiss the appeal as having been rendered moot. The Board shall here present a preliminary summary of the procedural history of this matter and then explain that it has, for the purposes of this decision, accepted the appellant's position with regard to the Board's jurisdiction to adjudicate the merits of the appeal within a specific scope.

In a January 2012 rating decision, the RO granted service connection for the Veteran's migraine headaches and assigned an initial rating of 0 percent, effective May 10, 2011 (the date of receipt of the Veteran's original claim for service connection for such disability). That rating decision also granted service connection and assigned a separate 10 percent rating for a mood disorder.

In April 2012, the Veteran entered into a fee agreement with the appellant, and then the appellant assisted the Veteran in filing a notice of disagreement in April 2012 with regard to the 0 percent rating assigned for his migraine headaches in the January 2012 rating decision. Thereafter, in a December 2013 rating decision, the RO awarded an increased rating of 30 percent for the Veteran's migraine headaches, effective May 10, 2011, bringing his combined disability rating to 40 percent. In a January 2014 administrative decision, the RO notified both the appellant and the Veteran of its determination to deny the appellant's entitlement to payment of attorney fees on the basis that there was not an award of past-due benefits that resulted in a cash payment to the Veteran. His combined award of 40 percent was withheld in favor of his receipt of military retired pay, and he could not receive both payments concurrently because his disability rating was less than 50 percent. 38 C.F.R. § 3.750.

Later in January 2014, the appellant filed a notice of disagreement, arguing that he was entitled to attorney fees from the past-due benefits awarded for the Veteran's migraine headaches. The RO upheld its denial of payment of attorney fees to the appellant in a statement of the case in January 2015. The appellant perfected his appeal of this issue with a VA Form 9 in February 2015.

Thereafter, in a June 2015 rating decision, the RO awarded an increased rating of 50 percent for the Veteran's migraine headaches, effective May 10, 2011. [This award brought his combined rating to 60 percent.] In a July 2015 administrative decision, the RO notified both the appellant and the Veteran of its determination to grant the appellant's entitlement to payment of attorney fees (on the basis that the award of past-due benefits now resulted in a cash payment to the Veteran, as his award of a 50 percent rating for migraine headaches allowed him to receive both military retired pay and VA compensation benefits concurrently because his disability rating was now at least 50 percent).

The appellant's position, as expressed in a June 2017 brief submitted to the Board, is that "the appeal is not moot .... There is no connection between the [January ] 2014 and [July] 2015 fee determinations." The Board notes that the appellant had perfected an appeal of the January 2014 RO fee determination decision that was pending before the Board when the July 2015 RO fee determination was issued. For the purposes of this Board decision, the Board accepts the appellant's position that "the appeal of the January 14, 2014 fee determination should be 'adjudicated by the Board.'" Specifically, this means that this Board decision is limited in scope to whether the appellant was entitled to attorney fees on the basis of the December 2013 decision (as that was the scope of the January 2014 fee determination on appeal), and the Board shall not consider whether the amount of the attorney fees awarded in the separate July 2015 fee determination was proper. This appears to be consistent with both the directives of the February 2017 Court memorandum decision as well as the appellant's position presented in the June 2017 brief.

The Board briefly notes that the appellant's June 2017 correspondence to the Board expressly acknowledged "receipt of the Board's June 14, 2017, letter regarding [this] appeal remanded by the Court of Appeals for Veterans Claims." The Board has noted that the referenced June 2017 letter from the Board addressed the Veteran rather than the attorney-appellant in this case. This error was discussed by the appellant in the June 2017 reply, which clearly expressed that the letter was nevertheless received and understood by the appellant in this matter. Accordingly, the Board shall proceed with appellate review of the matter at this time (which is in accordance with the appellant's wishes expressed in the June 2017 correspondence).

FINDINGS OF FACT

1. The Veteran received military retired pay benefits, which are not administered or paid by VA, for the period encompassing May 10, 2011 (when VA disability compensation benefits were established) to February 1, 2014 (when the RO implemented a December 2013 rating decision awarding a 30 percent rating for service-connected headaches).

2. The Veteran did not meet the criteria for concurrent receipt of VA compensation benefits and retired pay during the period beginning May 10, 2011 (when VA disability compensation benefits were established) to February 1, 2014 (when the RO implemented a December 2013 rating decision awarding a 30 percent rating for service-connected headaches).

3. A fee agreement was signed by the appellant and the Veteran in April 2012 and authorized payment to the appellant from retroactive benefits to be paid to the Veteran by VA.

4. Due to the Veteran's receipt of retired military pay, the award of a 30 percent rating in December 2013 for the service-connected headaches pathology did not result in a retroactive payment of VA compensation benefits to the Veteran.


CONCLUSION OF LAW

In the absence of any retroactive payment from VA to the Veteran of past-due VA compensation benefits associated with the award of a 30 percent rating for migraine headaches in a December 2013 RO rating decision (in which the appellant represented the Veteran), the criteria for direct payment of attorney fees to the appellant by VA have not been met in connection with that decision. 38 U.S.C.A. §§ 5304, 5904 (West 2014); 38 C.F.R. §§ 3.700, 3.750, 14.636 (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a). However, those duties do not apply to cases where the claimant is not seeking benefits under Chapter 51 of Title 38 of the United States Code but is instead seeking a decision regarding how benefits will be distributed under another Chapter. Sims v. Nicholson, 19 Vet. App. 453 (2006). Moreover, VA's duties to notify and assist do not affect matters limited to statutory interpretation, as in this case. Mason v. Principi, 16 Vet. App. 129 (2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001). Therefore, discussion of VA's duties to notify and assist is not required in this case.

Attorney Fees

The appellant in the case at hand is an attorney who has represented the Veteran in an appeal involving the rating assignment for migraine headaches (in addition to other matters). In a December 2013 RO rating decision, the RO granted an increased rating for service-connected migraine headaches (from 0 percent to 30 percent) effective from May 10, 2011, resulting in an increased combined rating (from 10 percent to 40 percent) for service-connected compensation purposes effective from May 10, 2011.

The appellant asserts that the fee agreement he and the Veteran signed in April 2012 entitles him to a sum that is equal to 20 percent of the claimed past-due benefits.

A VA claimant and an attorney may enter into a fee agreement providing that payment for the services of the attorney will be made directly to the attorney by VA out of any past-due benefits awarded in a proceeding before VA or an appellate court. 38 U.S.C.A. § 5904(d). The total fee payable to any attorney under such a fee agreement "may not exceed 20 percent of the total amount of any past-due benefits awarded on the basis of the claim." 38 U.S.C.A. § 5904(d)(1). An attorney is precluded from claiming as a fee a portion of the future monthly benefits that will be paid to the veteran. Further, a fee pursuant to a statutory fee agreement is to be paid to the attorney by VA directly from any past-due benefits awarded on the basis of the claim. 38 U.S.C.A. § 5904(d)(2)(A)(i).

According to the implementing regulations of the pertinent statute, VA will honor such an agreement only if (1) the total fee payable (excluding expenses) does not exceed 20 percent of the total amount of past-due benefits awarded, (2) the amount of the fee is contingent on whether or not the claim is resolved in a manner favorable to the claimant, and (3) the award of past-due benefits results in a cash payment to a claimant from which the fee may be deducted. 38 C.F.R. § 14.636(h)(1).

The Board notes, in passing, that, on December 22, 2006, 38 U.S.C.A. § 5904 was amended by the Veterans Benefits, Health Care, and Information Technology Act of 2006, but only for those claims filed 180 days after the passage of the Act. Pub. L. No. 109-461. VA promulgated regulations implementing that Act on May 22, 2008. Those regulations, effective June 23, 2008, replaced 38 C.F.R. § 20.609 with 38 C.F.R. § 14.636. Those changes apply to fee agreements entered into on or after June 23, 2008. 73 Fed. Reg. 29,852, 29,866 (May 22, 2008). In this case, the fee agreement was entered into in April 2012. Thus, the newer regulations are applicable to this decision.

A "past-due benefit" is defined as "a non-recurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a claim reopened after a denial by a VA [AOJ]... or the lump sum payment that represents the total amount of recurring cash payments which accrued between the effective date of the award... and the date of the grant of the benefit by the [AOJ], the Board of Veterans' Appeals, or an appellate court." 38 C.F.R. § 14.636(h)(3). In the present case, the underlying claim of entitlement to service connection for migraine headaches was received by VA in May 2011, and the appeal for a higher initial rating for the grant of service connection for migraine headaches arose from an April 2012 notice of disagreement with the January 2012 RO rating decision awarding service connection and making an initial noncompensable rating assignment. In December 2013, the RO issued a rating decision awarding an increased 30 percent rating for the service-connected headaches, effective from May 10, 2011.

(The Veteran continued his appeal for higher ratings and was later assigned higher ratings effective from May 10, 2011; however, as explained in the introduction section of this decision, the scope of consideration for this case is limited to attorney fees that may be associated specifically with the grant of benefits in the December 2013 RO rating decision.)

The Veteran was notified of the December 2013 RO rating decision in January 2014, and the benefit award was implemented effective February 1, 2011. In other words, the first on-time benefit payment that would have been made to the Veteran (but for the withholding) would have been in February 2011. Thus, the benefits that were granted to the Veteran for the period beginning May 10, 2011 and ending at the end of January 2014 are considered to have been the past-due benefits at issue for the purpose of the attorney fees claim.

Initially, the Board notes that the appellant does not argue that he is entitled to a sum that is in excess of 20 percent of the past-due benefits that were awarded to the Veteran as a result of the favorable rating determination. 38 C.F.R. § 14.636(h)(1)(i). It is also noted that the appellant has not defined the time periods for the "past-due benefits" as covering a period that is inconsistent with the periods discussed in the prior paragraph.

There is no dispute that the claim at issue, as decided in the December 2013 RO rating decision, was resolved in a manner that is favorable to the Veteran, thus satisfying 38 C.F.R. § 14.636(h)(1)(ii). That is, the Veteran's appeal for a higher initial rating for service-connected headaches was granted to the extent it was resolved in the December 2013 RO rating decision. (As noted in the introduction section of this Board decision, the Veteran continued an appeal for a yet higher rating for the service-connected headache pathology, which was later adjudicated and further partially granted in a separate decision that is not within the scope of this Board decision at this time. The past-due benefits awarded in decisions subsequent to the December 2013 RO rating decision are not for consideration by the Board at this time.) The resolution of the present attorney fee case involves application of 38 C.F.R. § 14.636(h)(1)(iii) which, as noted above, requires that the award of past-due benefits results in a cash payment to a claimant from which the attorney fee may be deducted.

In January 2014, the RO issued an administrative decision that denied entitlement to payment by VA of attorney fees from past-due benefits in relation to the award of a 30 percent rating for the service-connected headaches pathology. This decision determined that there were no past-due benefits payable by VA to the Veteran because the Veteran was in receipt of military retired pay from the effective date of the VA compensation award (May 10, 2011) to the date of the rating decision (December 13, 2013).

The record in this case shows that the Veteran served in the United States Coast Guard and has been in receipt of retired military pay benefits throughout the period pertinent to this appeal; this is not in dispute. Applicable law generally provides that not more than one award of pension or compensation will be made concurrently to any person based on his service. 38 U.S.C.A. § 5304; 38 C.F.R. § 3.700.

When the Veteran in the case at hand was awarded VA disability compensation, the RO determined that the Veteran did not meet any statutory or regulatory criteria for concurrent receipt of retired pay and VA compensation benefits. 38 C.F.R. § 3.750 (authorizing receipt of both military retired pay and VA compensation if a Veteran's disability rating is 50 percent or higher). The Board reaffirms that duplicate retired military pay benefits and VA compensation benefits are precluded by law in this case, as the Veteran was not in receipt of VA disability compensation benefits at a rate of 50 percent or higher at the time of the pertinent December 2013 RO rating decision and the associated January 2014 decision on attorney fees at issue in this case. Therefore, the Veteran was not at that time entitled to receive VA compensation benefits in addition to the military retirement benefits that he had already been paid.

The appellant nonetheless contends that he was entitled to an amount that is equal to 20 percent of the past-due VA compensation benefits, even though the Veteran could not actually receive the past-due VA compensation benefits that had been awarded because he had already received these benefits from the military in the form of retirement benefits. The appellant has presented a two-part argument in support of his position that he may be paid attorney fees based on the entire amount of retroactive pay that the Veteran would have been entitled to receive had he not received any military retirement pay.

First, in his notice of disagreement, substantive appeal, and in subsequent presentations of argument (including in briefs submitted to the Court), the appellant has cited the case of Snyder v. Nicholson, 489 F.3d 1213 (Fed. Cir. 2007), in support of the argument that the Court has essentially held that the term "award" is not the same thing as "payment," and that the Court interpreted the term "award" as referring to the gross award and not the net payment to the Veteran. In other words, he contends that attorney fees may be granted even when there is no actual payment to a claimant. Based on the above understanding of Snyder, the appellant asserts that 38 U.S.C.A. § 5904(d) itself does not forbid the payment of attorney fees in situations in which an award has been made to the Veteran but there has been no corresponding cash payment.

Second, the appellant contends that the third element of 38 C.F.R. § 14.636(h)(1), requiring that the award of past-due benefits result in a cash payment to a claimant from which the fee may be deducted, is invalid based on the holding of Snyder and to the extent that such provision (to require that there to be a "cash payment" before deducting an attorney's fee) is beyond the legal authority of the VA.

As to the first contention, the Board observes that the Court in Snyder held that the attorney's fee should be calculated based on the total "award" of disability compensation made by VA "on the basis of the claim" before VA reduced the retroactive payment amount due to the Veteran's incarceration. See 38 U.S.C.A. § 5313 (limiting benefits which may be paid to an incarcerated Veteran). The facts in Snyder were that VA had reduced the attorney's fee substantially when it reduced the actual retroactive payment to the veteran from about $93,000 (based on compensation with a 70 percent disability rating) to the 10 percent disability rate of compensation allowed for incarcerated veterans. The Snyder Court held that VA's payment to the attorney should have been calculated on the amount of benefits awarded to the veteran without consideration of the reduction due to the veteran's incarceration.

In his statements, the appellant suggests that there is no statutory basis for treating the "award" in this case differently than the award in the Snyder case. The Board disagrees, and finds that the Veteran and his circumstances in this case are distinguishable from the veteran and his circumstances in the Snyder case. In Snyder, the issue revolved around the amount of the retroactive benefits for purposes of determining the proper attorney fee, whereas in the present case the Veteran was not entitled to retroactive benefits from VA. In January 2014, the RO informed the Veteran that his VA compensation was being withheld to prevent a double payment as his VA benefits were duplicative of (and less than) the retired military pay that he had already received for the period in question. The appellant's reliance on the definition of the term "award" in Snyder is misplaced, because the Court clearly stated in Snyder that attorney fees were limited to payment out of retroactive benefits. As there were no past-due benefits owing to the Veteran from the RO's decision of December 2013 in this case, and by extension no retroactive benefit payments were made by VA to the Veteran, there was no basis for eligibility for payment to the appellant of attorney fees from VA. Additionally, it is noted that in this case, as distinguished from the Snyder case (where the regulations do not address the topic of attorney fee payment in the context of incarcerated veterans), the regulations specifically address the payment of attorney fees in the context of a veteran who is in receipt of military retired pay. The provision of 38 C.F.R. § 14.636(h)(1)(iii) states that an award of past-due benefits will not always result in a cash payment to a claimant or an appellant: "For example, no cash payment will be made to military retirees unless there is a corresponding waiver of retirement pay."

Under 38 U.S.C.A. § 5904, the Secretary may prescribe in regulations reasonable restrictions on the amount of fees that an agent or attorney may charge a claimant for services rendered in the preparation, presentation, and prosecution of a claim before the VA. A fee that does not exceed 20 percent of the past-due amount of benefits awarded on a claim is presumed to be reasonable. The statute does not authorize VA to pay attorney fees "as if" a veteran's claim resulted in an award of retroactive VA benefits payments where a veteran does not, in fact, receive a retroactive payment of VA benefits. As the Court stated in Snyder, the statute which authorizes VA to pay attorney fees limits that authorization to payment from retroactive benefits. The authorizing subsection of 38 U.S.C.A. § 5904, which is entitled "(d) Payment of fees out of past-due benefits," specifically restricts the total fee paid to an agent or attorney to no more that 20 percent of the total amount of any past-due benefits awarded on the basis of the claim.

As required by the statute, the Secretary prescribed regulations that address restrictions on fees. Where the represented veteran has no legal entitlement to an actual retroactive payment from VA at the conclusion of the matter which required representation, the attorney is not eligible to receive payment of an attorney fee directly from VA. In particular, as explicitly noted in the regulation, an individual receiving military retirement pay may not receive a cash benefit. See 38 C.F.R. § 14.636(h)(1). The preclusion against the Veteran's receipt of duplicative benefits (i.e., VA compensation benefits and military retired pay) is statutory. 38 U.S.C.A. § 5304. The Court's definition of "award" in Snyder does not make an exception to the statutory preclusion of duplicate benefits.

As to the appellant's second contention charging that 38 C.F.R. § 14.636(h)(1)(iii) is invalid as it is in contravention to the Snyder Court's holding and is beyond the legal authority of VA to require a cash payment before deducting the attorney's fee, the Board finds that such argument is without merit. As previously explained, the factual scenario of Snyder and the present case can be differentiated. Snyder involved the withholding of a certain amount of benefits for an incarcerated veteran (who was entitled to cash payment for unpaid compensation) under 38 U.S.C.A. § 5313, whereas in the present case VA withheld all benefits for a retired veteran (who was not entitled to any cash payment for compensation) in order to prevent the duplication of benefits which is proscribed under 38 U.S.C.A. § 5304. The Veteran was not entitled to any past-due VA benefits given that he had already received military retired pay that amounted to more than the level of his VA benefit entitlement. Moreover, as earlier discussed, the requirements of 38 C.F.R. § 14.636(h)(1)(iii) are not beyond the scope of the relevant statute, given that the VA Secretary may prescribe regulations that place restrictions on attorney fees and govern the payment of attorney fees under attorney-claimant fee agreements out of past-due benefits. Further, the appellant has not identified a conflict between statute and regulation. Even if the Board were to conclude that the statute - 38 U.S.C.A. § 5904(d) - may be interpreted as providing discretion to VA with regard to the payment of attorney fees in such cases in which there is no actual payment to a claimant, this would not be sufficient to allow an award of attorney fees in this case because such is prevented by 38 C.F.R. § 14.636(h)(1). The Board does not find that the appellant has presented a valid rationale for disregarding 38 C.F.R. § 14.636(h)(1) as being inconsistent with 38 U.S.C.A. § 5904(d).

The Board further emphasizes that when considering an appeal, it is bound by law to follow the applicable statutes, VA regulations, and precedent opinions of VA General Counsel. 38 U.S.C.A. § 7104(c); 38 C.F.R. § 19.5.

In sum, VA is not authorized to calculate or pay attorney fees except to the extent that a cash payment of "past-due benefits" is awarded. The relevant statute provides no exception for payment of attorney fees by VA "as if" there were a monetary award of past-due benefits. The present case is one in which the Veteran received military retired pay and therefore no "cash" award of VA benefits, despite a favorable outcome on the claim, and such a circumstance is contemplated by the applicable regulation. As there was no cash payment of past-due benefits awarded in this case, the appeal for eligibility for direct VA payment of the appellant's attorney fee must be denied.


ORDER

The appeal seeking entitlement to payment of attorney fees from past-due benefits associated with the grant of an increased disability rating in a December 2013 RO rating decision is denied.




______________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs