Citation Nr: 1719253 
Decision Date: 05/04/17 Archive Date: 06/06/17

DOCKET NO. 10-39 713 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUES

1. Entitlement to an initial disability rating (or evaluation) in excess of 10 percent for right knee chondromalacia with patellofemoral degenerative joint disease, to include whether a separate disability rating is warranted for instability.

2. Entitlement to a higher (compensable) initial disability rating (or evaluation) for residuals of a right fibular fracture.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran (Appellant)


ATTORNEY FOR THE BOARD

Patricia Kingery, Associate Counsel 


INTRODUCTION

The Veteran, who is the appellant in this case, had active service from March 1962 to February 1965. 

This appeal derived from a downstream element of a claim for service connection for residuals of a broken right leg that was received in May 2008. This appeal comes to the Board of Veterans' Appeals (Board) from a November 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin, which, in pertinent part, granted service connection for right knee chondromalacia with mild patellofemoral degenerative joint disease and for residuals of a right fibular fracture, assigning 10 percent and noncompensable (0 percent) initial disability ratings respectively. Both ratings were made effective May 27, 2008 (the day the claim for service connection was received by VA). The Veteran entered a notice of disagreement with the initial disability ratings assigned. 

In May 2015 and September 2016, the Board remanded the issues on appeal for additional development. With respect to the issue of a higher initial disability rating for residuals of a right fibular fracture, as discussed below, in a March 2017 written statement, the Veteran indicated that he was withdrawing the substantive appeal with respect to this issue; therefore, any discussion with regard to compliance with the Board's remand instructions with respect to this issue is rendered moot. The Board is remanding the remaining issue on appeal for additional development.

In April 2014, the Veteran testified at a personal hearing at the VA RO in Milwaukee, Wisconsin (Travel Board hearing) before the undersigned Veterans Law Judge. A transcript of the hearing is of record.

The issue of reopening service connection for right knee bursitis as secondary to the service-connected right knee disabilities has been raised by the record, see September 2010 statement (on a VA Form 21-4138), and was previously referred by the Board in May 2015 and September 2016, but still has not been adjudicated by the Agency of Original Jurisdiction (AOJ). (While a March 2017 memorandum notes that this issue should be adjudicated by the RO, this does not appear to have taken place.) Therefore, the Board does not have jurisdiction over it, and it is again referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). As this claim was received prior to March 24, 2015, the Veteran was not required to use a standardized claim form. Cf. 38 C.F.R. § 3.155(a) (2016). 

The issue of an initial disability rating in excess of 10 percent for right knee chondromalacia with patellofemoral degenerative joint disease, to include whether a separate disability rating is warranted for instability, is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.


FINDING OF FACT

In a March 2017 written statement, before a Board decision was issued, the Veteran expressed the desire to withdraw the appeal for a higher (compensable) initial disability rating for residuals of a right fibular fracture.


CONCLUSION OF LAW

The criteria for the withdrawal of the substantive appeal as to the issue of a higher (compensable) initial disability rating for residuals of a right fibular fracture are met. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.204 (2016).




REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159 (2016). As the withdrawn issue is decided as a matter of law, no discussion of the duties to notify and assist is required. See Sabonis v. Brown, 6 Vet. App. 426, 429-30 (1994); Mason v. Principi, 16 Vet. App. 129 (2002). The Board is remanding the remaining issue on appeal for additional development. 

Withdrawal of Appeal

Under 38 U.S.C.A. § 7105, the Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. A substantive appeal may be withdrawn in writing or on record at a hearing at any time before the Board promulgates a decision. Withdrawal may be made by the veteran or by his or her authorized representative. 38 C.F.R. § 20.204. 

On April 4, 2017, prior to the promulgation of a decision by the Board, a written statement (dated March 16, 2017) was received from the Veteran indicating he was withdrawing the appeal for a higher (compensable) initial disability rating for residuals of a right fibular fracture. The Veteran specifically stated that he was "not looking for an increase related to the right fibular fracture." As such, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, given this action, the Board does not have jurisdiction to review the appeal further with respect to this issue and it will be dismissed. 


ORDER

The appeal for a higher (compensable) initial disability rating for residuals of a right fibular fracture, having been withdrawn, is dismissed.


REMAND

Initial Rating for Right Knee Chondromalacia

In September 2016, the Board, in pertinent part, remanded the issue of an initial disability rating in excess of 10 percent for right knee chondromalacia with patellofemoral degenerative joint disease to provide the Veteran a VA examination to assist in determining the current severity of the service-connected right knee disability. The VA examiner was directed to opine as to whether the documented symptoms of giving way associated with the right knee disabilities are analogous to, or do these symptoms more closely approximate, lateral instability or recurrent subluxation. The VA examiner was also directed to test the range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing for the right knee joint in question and the paired left knee joint. 

Pursuant to the September 2016 Board remand instructions, a VA examination was conducted in November 2016. In response to the remand directive to record the results of passive range of motion testing, the VA examiner stated "pain with DJD of both knees" and did not provide the requested results. In response to the remand directive to opine as to whether the documented symptoms of giving way associated with the right knee disabilities are analogous to lateral instability or recurrent subluxation, the VA examiner stated "[the Veteran's] knee problems are from DJD from aging and not a tibial fracture." As the VA examiner did not provide the information and opinions specifically requested by the September 2016 Board remand directives, the Board does not find the November 2016 VA examination report adequate for rating purposes. As such, the Board finds that there has not been substantial compliance with the prior Board remand orders and an additional VA examination is necessary. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (noting the Board's duty to "insure [the RO's] compliance" with the terms of its remand orders); D'Aries v. Peake, 22 Vet. App. 97 (2008). 

Accordingly, the issue of an initial disability rating in excess of 10 percent for right knee chondromalacia with patellofemoral degenerative joint disease, to include whether a separate disability rating is warranted for instability, is REMANDED for the following action:

1. The AOJ should obtain and associate with the record all outstanding VA treatment records pertaining to the right knee disabilities. 

2. Schedule a VA examination(s) to assist in determining the current severity of the service-connected right knee chondromalacia with patellofemoral degenerative joint disease. The VA examiner should review the claims folder. All indicated tests and studies should be conducted. 

The VA examiner should test the range of motion in active motion, passive motion, weight-bearing, and nonweight-bearing for the right knee joint in question and the paired left knee joint. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. 

The examiner should offer the following opinions with supporting rationale:

Are the documented symptoms of giving way associated with the right knee disabilities analogous to, or do these symptoms more closely approximate, lateral instability or recurrent subluxation? 

With respect to the right knee disability, is there any additional functional loss attributable to pain, weakness, fatigue, or incoordination associated with the disability, to include any loss of range of motion due to pain or during flare-ups? The examiner should express the additional functional limitation in terms of the degree of additional limitation of motion due to weakened movement, excess fatigability, incoordination, flare-ups, or pain. 

If any of the opinions requested above cannot be given without resorting to mere speculation, the VA examiner should state so and further provide a reason for such conclusion. 

2. Then readjudicate the issue on appeal in light of all pertinent evidence. If any benefit sought on appeal remains denied, provide the Veteran and representative with a supplemental statement of the case and allow an appropriate time for response. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
J. Parker
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs